UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM HURT, | ) | |
| DEADRA HURT, | ) | |
| ANDREA HURT, | ) | |
| DEBBIE HURT, | ) | |
| | ) | No. 3:14-cv-00092-JMS-WGH |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JEFF VANTLIN, | ) | |
| JACK SPENCER, | ) | |
| WILLIAM ARBAUGH, | ) | |
| JASON PAGETT, | ) | |
| LARRY NELSON, | ) | |
| RICHARD BLANTON, | ) | |
| DAN DEYOUNG, | ) | |
| CITY OF EVANSVILLE, | ) | |
| MATTHEW WISE, | ) | |
| ZACHARY JONES, | ) | |
| AMY BURROWS-BECKHAM, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

Presently pending before the Court is Plaintiffs' Motion for Leave to File Amended Complaint. [Filing No. 126.] Plaintiffs argue that they should be allowed to amend their complaint to assert a First Amendment retaliation claim because they contend that Defendants recently produced evidence confirming that they were retaliated against for filing this lawsuit. Because of the sensitive nature of the allegations underlying the retaliation claim and because it implicates documents containing information typically excluded from public access under Indiana law, [Filing No. 128], the Court will only refer to the substance of Plaintiffs' request in as much detail as is necessary to rule on the pending motion. Plaintiffs acknowledge that the deadline for amending the pleadings in this action has passed, but they assert that good cause exists to excuse

that deadline and that justice requires granting them leave to amend. [Filing No. 126.] Plaintiffs emphasize that they moved to amend their complaint within one week of receiving the discovery forming the basis of their First Amendment retaliation claim in December 2015. [Filing No. 126 at 5.] Plaintiffs acknowledge that if they are granted leave to amend, a new defendant will be added to this litigation and additional discovery will be required, although they downplay the impact of those events on this action. [Filing No. 126 at 6-7.]

Defendants City of Evansville, Jeff Vantlin, Jack Spencer, William Arbaugh, Jason Pagett, Larry Nelson, Richard Blanton, and Dan DeYoung (the "Evansville Defendants") oppose Plaintiffs' Motion for Leave to Amend. [Filing No. 137.] They contend that the retaliation claim is unrelated to the matters at issue in the operative complaint, and they dispute the viability of Plaintiffs' proposed retaliation claim. [Filing No. 137.] They emphasize that the Plaintiffs' operative complaint asserts claims related to their alleged malicious prosecution and that the retaliation claim Plaintiffs seek leave to add stems from events that "originated two months *after* the Plaintiffs' prosecutions formally concluded." [Filing No. 137 at 1 (original emphasis).]

Defendants Matthew Wise and Zachary Jones "have no position on the motion since the proposed new claims do not implicate" them. [Filing No. 138.] Defendants Wise and Jones do contend, however, that the settlement conference currently scheduled for February 19, 2016, should be moved until March or April to address the issues in Plaintiffs' pending motion. [Filing No. 138.]

In reply, Plaintiffs point out that the Evansville Defendants do not deny Plaintiffs' diligence in pursuing discovery in this case "or attempt to defend the fact that they [allegedly] withheld damning evidence giving rise to Plaintiffs' motion for more than ten months in this litigation." [Filing No. 146 at 1.] Plaintiffs reject the Evansville Defendants' argument that they should not

be granted leave to amend because the conduct at issue post-dates their prosecutions. They contend that "the chronology of events leaves no question that it was undertaken in direct response to Plaintiffs' filing of this lawsuit." [Filing No. 146 at 2.] Plaintiffs acknowledge that the case management plan deadlines will "require a modest modification" if they are granted leave to amend, but they dispute the Evansville Defendants' implication that the litigation will need to "restart." [Filing no. 146 at 2.] Plaintiffs contend that they have sufficiently pled a retaliation claim and that although amending their pleading "will have a modest impact on the trajectory of this lawsuit . . . the minor delay is vastly outweighed by the rights of Plaintiffs to vindicate their claim." [Filing No. 147 at 8-9.]

Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2), which provides that courts "should freely give leave when justice so requires." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). When a plaintiff asks for leave to amend a complaint after the deadline set in the case management plan has passed, however, courts "apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Id.* "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Id.* at 720.

If a plaintiff has shown good cause, the Court should allow amendment "unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015). A district court has "broad discretion to deny leave to amend" under appropriate circumstances. *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 706 (7th Cir. 2015).

The deadline for requesting leave to amend the pleadings in this litigation was December 1, 2014, [Filing No. 34 at 3; Filing No. 35], and Plaintiffs moved for leave to amend approximately one year later on December 17, 2015, [Filing No. 126]. Despite this delay, the Court agrees with Plaintiffs that they have met the good cause standard set forth in Rule 16(b)(4) because there is no dispute that Defendants did not produce the documents underlying Plaintiffs' retaliation claim until December 11, 2015—less than one week before they filed their Motion to Amend. [Filing No. 126 (citing Filing No. 121).] Given that the primary consideration for a Rule 16(b) good-cause determination is the moving party's diligence, the Court concludes that Plaintiffs have met their burden to show good cause.

Despite Plaintiffs' diligence, however, the Court ultimately concludes that Plaintiffs should not be granted leave to amend their complaint pursuant to Rule 15. Even assuming that the retaliation claim Plaintiffs seek to assert has merit, the Court finds that the retaliation claim should be pursued in a separate action. The controlling principle appears in Federal Rule of Civil Procedure 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." But joinder of defendants in one action is "proper only if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing Fed. R. Civ. Pro. 20(a)). In short, unrelated claims against different defendants belong in different suits. *George*, 507 F.3d at 607.

Plaintiffs' claims in this action all stem from Plaintiffs' contentions that they were wrongfully targeted, arrested, and prosecuted for the June 2012 death of their uncle, Marcus Golike, whose body was found floating in the Ohio River. [Filing No. 1 at 2.] It is undisputed, however, that the new retaliation claim—which focuses on circumstances surrounding only one of the three Plaintiffs—stems from events that occurred a few months after all of the prosecutions at issue in this action had ended. Adding this retaliation claim to Plaintiffs' malicious prosecution action would not only join a new defendant to this action, but it would also serve to complicate the malicious prosecution claims against the Defendants not alleged to be involved in the retaliation. Thus, the Court finds Plaintiffs' proposed retaliation claim distinct enough from the malicious prosecution claims at issue in this action that it is not part of the same case or controversy and, thus, should be pursued in a separate action.

For these reasons, the Court **DENIES** Plaintiffs' Motion for Leave to File Amended Complaint. [Filing No. 126.] Because the Court has ruled on this issue, it rejects Defendants Wise and Jones' argument that the upcoming settlement conference scheduled for February 19, 2016 should be continued. [Filing No. 138.] The assigned Magistrate Judge will address the timing of that conference, the pending Motion to Vacate Case Management Plan deadlines, [Filing No. 139], and any other scheduling requests at the telephonic conference set for February 2, 2016, [Filing No. 144].

Date: <u>January 26, 2016</u>

                                                    Hon. Jane Magnus-Stinson, Judge
                                                    United States District Court
                                                    Southern District of Indiana

**Distribution via CM/ECF:**

Matthew C. Hess
BELL, HESS & VAN ZANT, P.L.C.
Mhess@bhvzlaw.com

Russell S. Sizemore
BELL, HESS & VAN ZANT, P.L.C.
rsizemore@bhvzlaw.com

Jason B. Bell
BELL, HESS & VAN ZANT, PLC
jbell@bhvzlaw.com

Edward A. Baylous, II
JUSTICE AND PUBLIC SAFETY CABINET
edward.baylous@ky.gov

Arthur Loevy
LOEVY & LOEVY
loevylaw@loevy.com

Cindy Tsai
LOEVY & LOEVY
cindy@loevy.com

Jonathan I. Loevy
LOEVY & LOEVY
jon@loevy.com

Michael Kanovitz
LOEVY & LOEVY
mike@loevy.com

Rachel Steinback
LOEVY & LOEVY
rachel@loevy.com

Russell Ainsworth
LOEVY & LOEVY
russell@loevy.com

Steven E. Art
LOEVY & LOEVY
steve@loevy.com

Charles D. Aaron, Jr.
OFFICE OF LEGAL SERVICES
charles.aaron@ky.gov

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Clifford R. Whitehead
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
cwhitehead@zsws.com