UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM HURT, DEADRA HURT, ANDREA HURT, & DEBBIE HURT | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | 3:14-cv-92-JMS-WGH |
| EVANSVILLE POLICE DEPARTMENT DETECTIVES JEFF VANTLIN, JACK SPENCER, WILLIAM ARBAUGH, and JASON PAGETT, DETECTIVE SERGEANTS LARRY NELSON and RICHARD BLANTON, and LIEUTENANT DAN DEYOUNG, CITY OF EVANSVILLE, KENTUCKY STATE POLICE OFFICERS MATTHEW WISE and ZACHARY JONES, and KENTUCKY MEDICAL EXAMINER AMY BURROWS-BECKHAM, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT CITY OF EVANSVILLE'S
MOTION FOR PROTECTIVE ORDER**

Plaintiffs, William Hurt, Deadra Hurt, Andrea Hurt, and Debbie Hurt, have sued Evansville Police Department Detectives Jeff Vantlin, Jack Spencer, William Arbaugh, and Jason Padgett; Detective Sergeants Larry Nelson and Richard Blanton; Lieutenant Dan DeYoung; the City of Evansville; Kentucky State Police Officers Matthew Wise and Zachary Jones; and Kentucky Medical Examiner Amy Burrows-Beckham. Plaintiffs allege that they were wrongly arrested, unlawfully interrogated, and maliciously prosecuted by Defendants.

Defendant City of Evansville has filed a Motion for Protective Order forbidding the discovery sought with respect to the Notice of Depositions submitted by Plaintiffs to Defendant City of Evansville for its employees Police Chief Bill Bolin and Detective Brian Turpin. (Filing No. 134.) The matter is fully briefed. (Filing No. 134, Filing No. 150, Filing No. 154.) For the reasons set forth below, Defendant City of Evansville's motion is **DENIED**.

## I.     Background

On June 27, 2014, Plaintiffs filed their Complaint against Defendants. Their claims allege, in part, that the policies and widespread practices of the City of Evansville were the moving force behind the violations of their constitutional rights. *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658 (1978). Specifically, Plaintiffs allege that they were wrongly arrested, unlawfully interrogated, and maliciously prosecuted by Defendants for a crime they did not commit. These allegations further continue that several members of the Evansville Police Department participated individually and jointly in these acts, and that the conduct was facilitated by the City's widespread practice of failing to adequately train, discipline, or supervise its officers.

The City of Evansville has moved for a Protective Order in accordance with Federal Rule of Civil Procedure 26(c) to prevent the taking of depositions of its employees Police Chief Bill Bolin and Detective Brian Turpin. (Filing No. 134.) Plaintiffs claim that they need the testimony of these individuals in order to proceed with making their case.

## II. Discussion

In order for Plaintiffs' to advance their *Monell* claim, they must show that the alleged "constitutional deprivation may be attributable to a municipality when execution of a government's policy or custom ... inflicts the injury." [Houskins v. Sheahan, 549 F.3d 480, 493 (7th Cir. 2008)](quoting [Montano v. City of Chi., 535 F.3d 558, 570 (7th Cir. 2008)]). There are three means by which Plaintiffs can show that a constitutional deprivation resulted from the execution of a municipal policy or custom: they can point to "(1) an express policy causing the loss when enforced; (2) a widespread practice constituting a 'custom or usage' causing the loss; or (3) a person with final policymaking authority causing the loss." [Walker v. Sheahan, 526 F.3d 973, 977 (7th Cir. 2008)]. In fact, a single action by a person with "final decision-making authority" may suffice to establish a municipal policy. *Id.*

Under Indiana law, the police chief is the final policymaker for his municipal police department. [Snyder v. Smith, 7 F. Supp. 3d 842, 869 (S.D. Ind. 2014)] (under Indiana law, "the chief of police, not mayor, is the final decision-making authority with respect to law enforcement policy"). With regard to Defendant City of Evansville, the relevant policymaker for Plaintiffs' claim is Police Chief Bill Bolin. As such, it is he that Plaintiffs must be able to show he was "deliberately indifferent as to [the] known or obvious consequences," [Gable v. City of Chicago, 296 F.3d 531, 537 (7th Cir. 2002)], or at least that he was aware of the policy or practice and made a deliberate

choice to the relevant course of action, *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986); *Robles v. City of Fort Wayne,* 113 F.3d 732, 735 (7th Cir. 1997). I find that the City has not presented sufficient reason to think that Plaintiffs' request for deposing Chief Bolin is a "fishing expedition" nor that it is unreasonably burdensome, nor disproportionate to the claims at issue. Filing No. 134 at EFC p. 2. His deposition is central and necessary to Plaintiffs' ability to prove their case.

As to the deposition of Detective Brian Turpin, the force of the City's argument against allowing it is based on the standard under the amended Rule 26(b)(1). This standard instructs the Court to allow discovery that "is relevant to any party's claim or defense *and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.*" Fed. R. Civ. P 26(b)(1) (emphasis added).

In this case, which alleges a constitutional violation of civil rights, it is difficult to find that allowing this deposition is disproportionate, particularly to the importance of issues at stake in the action. The case is concerned with, among other things, the damage to Plaintiffs after an alleged wrongful arrest, interrogation, and prosecution for murder. This damage, though not easily translated into monetary terms, does not seem slight. And weighed against the

4

costs—monetary, temporal, and intangible—the taking of this deposition is reasonable.

I find that the Protective Order for preventing the taking of depositions of both Police Chief Bill Bolin and Detective Brian Turpin must be **DENIED**. These depositions should proceed. I decide this keeping in mind the protections in limitations afforded under Federal Rule of Civil Procedure 30(d) regarding the manner of these depositions.

### III. Conclusion

For the foregoing reasons, the City's Motion for Protective Order is **DENIED**. Defendant will have fourteen (14) days from this entry to correspond with Plaintiffs and set a time for the taking of these depositions.

**IT IS SO ORDERED** the 27th day of January, 2016.

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**

5