UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WILLIAM HURT, <br> DEADRA HURT, <br> ANDREA HURT, <br> DEBBIE HURT, <br>                      *Plaintiffs*, <br><br> vs. <br><br> JEFF VANTLIN, <br> JACK SPENCER, <br> WILLIAM ARBAUGH, <br> JASON PAGETT, <br> LARRY NELSON, <br> RICHARD BLANTON, <br> DAN DEYOUNG, <br> CITY OF EVANSVILLE, <br> MATTHEW WISE, <br> ZACHARY JONES, <br> AMY BURROWS-BECKHAM, <br>                      *Defendants*. | No. 3:14-cv-00092-JMS-MPB |

**<u>ORDER</u>**

On April 19, 2016, the assigned magistrate judge denied Plaintiffs' Motion to Compel Certain "Post-Incident" Discovery from Defendant City of Evansville (the "<u>City</u>") without further explanation. [Filing No. 193 ("The Court, having considered the same and all other relevant factors, hereby DENIES Plaintiffs' Motion.").] Presently pending before the Court is Plaintiffs' Objection to that decision, [Filing No. 206], which all of the Defendants that are related to the City of Evansville (the "<u>Evansville Defendants</u>") oppose, [Filing No. 207].

This Court can only sustain an objection to a nondispositive order by a magistrate judge when the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate

judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Ind., LLC v. Origin Healthcare Solutions*, LLC, 2014 WL 6674757, *2 (S.D. Ind. 2014) (citations and quotation marks omitted).

The Court is unable to review whether the magistrate judge's decision on Plaintiffs' Motion to Compel was clearly erroneous or contrary to law because the magistrate judge's order does not provide any analysis or reasoning for the decision. [Filing No. 193.] Federal Rule of Civil Procedure 72(a) calls for a written opinion "when appropriate" and the Court finds that one would be appropriate here. This is particularly so, as the parties each put their own spin on the nature of a telephonic conference that preceded Plaintiffs' Motion to Compel. [Filing No. 207 at 3 (Evansville Defendants' brief, noting that "[t]he Magistrate was actively engaged on the conference, asked questions, received argument, and advised the parties of that he would be inclined to deny any motion to compel as to the alleged, post-incident discovery"); Filing No. 209 at 3 (Plaintiff's brief pointing out that if the magistrate judge had fully explained his thoughts on the issue "certainly the City would have described those thoughts somewhere in its response to Plaintiffs' Objection").]

Accordingly, Plaintiffs' Objection is **OVERRULED WITHOUT PREJUDICE**. [Filing No. 206.] The Court **REMANDS** this matter to the magistrate judge for further findings and to elaborate the basis for his decision, such that this Court can apply the requisite standard of review should Plaintiffs renew their objection. *See, e.g.*, *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, 2011 WL 4496507, *3 (N.D. Ind. 2011) (remanding a discovery dispute back to the magistrate judge "for elaboration on the reasons for his ruling").

Date:  May 25, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution to Counsel of Record**