UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WILLIAM HURT, ) | |
| DEADRA HURT, ) | |
| ANDREA HURT, ) | |
| DEBBIE HURT, ) | |
| ) | No. 3:14-cv-00092-JMS-MPB |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| JEFF VANTLIN, ) | |
| JACK SPENCER, ) | |
| WILLIAM ARBAUGH, ) | |
| JASON PAGETT, ) | |
| LARRY NELSON, ) | |
| RICHARD BLANTON, ) | |
| DAN DEYOUNG, ) | |
| CITY OF EVANSVILLE, ) | |
| MATTHEW WISE, ) | |
| ZACHARY JONES, ) | |
| AMY BURROWS-BECKHAM, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiffs ("the Hurts") Motion to Compel Certain "Post-Incident" Discovery from Defendant City of Evansville, filed on March 28, 2016. (Docket No. 174; Docket No. 175). Defendant, City of Evansville, filed a response to the motion on April 11, 2016. (Docket No. 187). Plaintiffs filed a reply on April 13, 2016. (Docket No. 189). Because this Motion to Compel and certain corresponding exhibits are being maintained under seal, the Court will simply incorporate those facts by reference herein and only detail specific facts as necessary to address the parties' arguments.

On March 8, 2016, counsel for all parties participated in a conference with the Court, which included, among other topics, the discovery disputes at issue in the present Motion to Compel. (Docket No. 166; Docket No. 207 at 3; Docket No. 209 at 3). At that time, the Court indicated it would be inclined to deny the Hurts' Motion to Compel if the Hurts chose to file it. As outlined above, Hurts did file the Motion to Compel. The Court denied the Motion to Compel on April 19, 2016, in whole. (Docket No. 193). This Order was appealed to the Honorable Jane Magnus-Stinson, District Judge, and on May 25, 2016, Judge Stinson remanded the matter for further findings and to elaborate the basis for the decision, such that the Court could apply the requisite standard of review should Plaintiffs renew their objection. (Docket No. 210).

The Hurts' Motion to Compel requests that this Court order the City of Evansville to answer Plaintiffs' First Set of Requests for Production No. 31, Plaintiffs' First Set of Requests to Admit Nos. 9 & 10, Plaintiffs' Third Set of Interrogatories Nos. 5, 6, and 7, and to re-present Detective Brian Turpin for a limited-purpose deposition.  For the reasons that follow, the Hurts' Motion to Compel is now **GRANTED IN PART** and **DENIED IN PART.**

In the event that parties cannot informally resolve a discovery dispute, Rule 37 provides a vehicle for the aggrieved party to request an order from the Court compelling discovery. *See Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). District courts have broad discretion in matters relating to discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001)). Federal Rule of Civil Procedure 26(b)(1) sets the standard for the scope of general discovery, providing that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ.

P. 26(b)(1). Discovery is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence. *Id*.

The Hurts' first request that the City of Evansville be compelled to answer Plaintiffs' First Set of Requests for Production No. 31 and Plaintiffs' First Set of Requests to Admit Nos. 9 & 10 (Docket No. 176-D). Defendant objected on relevance grounds. The Hurts assert that they "wish to establish whether the [2014 drug investigation into Deadra Hurt] was a formal, EPD-endorsed investigation . . ."—which they conclude is relevant for Plaintiffs' malicious prosecution and *Monell* claims, as well as impeachment materials. (Docket No. 176 at 6). As to the malicious prosecution claim, subsequent acts can be probative as to prior intent. *United States v. Anifowoshe*, 307 F.3d 643, 646-47 (7th Cir. 2002). However, subsequent acts still must meet the requirements of Rule 26(b)(1) as being relevant or reasonably likely to lead to relevant information. In the cases cited in the Hurts' memorandum, the subsequent acts were either similar or related to the initial alleged misconduct. Here, the Court finds that the 2014 drug investigation into Deadra Hurt is unrelated to the Golike homicide investigation underlying the malicious prosecution. Therefore, whether any defendant involved in the 2014 investigation had any motive or intent to initiate that investigation is irrelevant to establish the requisite malice for the prosecutions underlying the malicious prosecution claim. Fed. Rule Civ. P. Rule 26(b)(1).

In *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that municipalities and other local governments may be held liable under 42 U.S.C. § 1983 for any deprivation of constitutional rights caused by an official policy or practice. A plaintiff must show that the municipal policy or custom and usage proximately caused the alleged unconstitutional conduct, which usually requires more than a single incident of unconstitutional conduct. *Powe v. City of Chicago*, 664 F.2d 639, 650 (7th Cir. 1981). Moreover, subsequent

conduct usually cannot be used to establish municipal liability. *Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994). Here, the Court finds that the 2014 drug investigation into Deadra Hurt is unrelated to the Plaintiffs' *Monell* claim and, specifically, is unrelated to the municipal policy or custom regarding interrogation methods, police reports, and arrests and detentions, which Hurts allege proximately caused their deprivation of constitutional rights. Lastly, as to the "potential" impeachment value of the 2014 drug investigation, the Hurts have not provided any argument or authority as to how they would use the 2014 drug investigation to impeach any defendant, therefore, the Court is not persuaded by this "potential" use. Thus, Plaintiffs' Motion to Compel with respect to the First Set of Requests for Production No. 31 and Plaintiffs' First Set of Requests to Admit Nos. 9 & 10 is **DENIED.**

Next, the Hurts request the City of Evansville be compelled to answer Plaintiffs' Third Set of Interrogatories Nos. 5, 6, and 7 (Docket No. 176-B). Defendant again objected on relevance grounds. The Hurts assert that these interrogatories are relevant to establishing the malice element of their malicious prosecution claim, to their claim for punitive damages, and to their *Monell* claim against the City of Evansville. Because the Court finds that these interrogatories are relevant to the Hurts' malicious prosecution claim, it will not outline whether the evidence is relevant, and potentially admissible, as to the Hurts' other purported purposes.

To state a malicious prosecution claim under § 1983, a plaintiff must demonstrate in part that he satisfied the elements of a state law cause of action for malicious prosecution, which in Indiana requires a showing that the defendant acted with malicious intent. *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) (citing *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009)). Malice can be established by evidence of personal animosity. *Id.* Fed. Rule of Evid. 404(b) provides that evidence of another act may be admissible for the purpose of

proving motive or intent. Relevancy of discovery requests cannot be determined by reviewing a mere chronology of the potential evidence, instead the critical question is whether the evidence is "sufficiently probative of a matter." *United States v. Anifowoshe*, 307 F.3d at 646-47. Here, Plaintiffs have referenced evidence that a May to August 2013 investigation was terminated by Defendant Vantlin due to the suspect assisting with the Golike homicide investigation—an incident for which the last Plaintiff was acquitted of just a few months prior. The Court finds that, given the case law regarding subsequent acts applicability to prior malice, that the referenced interrogatories will yield relevant evidence or information that is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. Rule 26(b). Accordingly, Plaintiffs' Motion to Compel as to Plaintiffs' Third Set of Interrogatories Nos. 5, 6, & 7 is **GRANTED.** The City of Evansville has thirty (30) days from the date of this Order to comply.

 Finally, the Hurts request that Detective Brian Turpin be re-presented for a limited-purpose deposition (Docket No. 174 at 3). The Hurts indicate that they noticed the deposition of Detective Turpin, who oversaw the investigation referenced in Plaintiffs' Third Set of Interrogatories Nos. 5, 6, and 7 to determine what role Defendant Vantlin played in the decisions made during that investigation and whether the Evansville Police Department authorized and approved Vantlin's decision in the same. (Docket No. 176 at 5). In other words, the Hurts attempted to obtain the same information as the aforesaid interrogatories. The City of Evansville objected to the bulk of the questions on grounds of relevance. (Docket No. 176 at 6). Because the limited-purpose deposition is likely to reveal the same evidence as the Plaintiffs' Third Set of Interrogatories Nos. 5, 6 & 7, which the Court has compelled the City of Evansville answer, the Court **DENIES** Plaintiffs' Motion to Compel as to Plaintiffs' request to re-present Detective

Turpin for a limited-purpose deposition with leave to refile this request, if necessary, upon receipt of the City of Evansville's answers to these interrogatories.

**SO ORDERED.**

Date: 06/06/2016

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.