UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WILLIAM HURT, <br> DEADRA HURT, <br> ANDREA HURT, <br> DEBBIE HURT, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> JEFF VANTLIN, <br> JACK SPENCER, <br> WILLIAM ARBAUGH, <br> JASON PAGETT, <br> LARRY NELSON, <br> RICHARD BLANTON, <br> DAN DEYOUNG, <br> CITY OF EVANSVILLE, <br> MATTHEW WISE, <br> ZACHARY JONES, <br> AMY BURROWS-BECKHAM, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    No. 3:14-cv-00092-JMS-MPB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>ORDER</u>**

On June 6, 2016, the assigned Magistrate Judge issued an Order, granting in part and denying in part a Motion to Compel previously filed by Plaintiffs. [Filing No. 212 (granting in part and denying in part Filing No. 174).] The Defendants related to the City of Evansville (the "Evansville Defendants") object to a portion of the Magistrate Judge's Order requiring them to answer three interrogatories. [Filing No. 212.] Plaintiffs oppose the Evansville Defendants' Objection, and ask this Court to order the City of Evansville[1] (the "City") to produce the interrogatory responses within 14 days. [Filing No. 226.] For the reasons that follow, the Court

---

[1] The interrogatories at issue were directed solely at the City. [Filing No. 175-2.]

denies the Evansville Defendants' Objection.[2] [Filing No. 218 (unredacted sealed version of motion); Filing No. 220 (redacted public version of motion).]

### A. Standard of Review

A pretrial, non-dispositive matter, such as a discovery motion, may be referred to the assigned magistrate judge for decision. Fed. R. Civ. Pro. 72(a). Any timely objections to the magistrate judge's order will be considered, and the Court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Pro. 72(a). Under the clear error standard, the Court will not reverse the decision unless it is "left with the definite and firm conviction that a mistake has been committed." *Kanter v. C.I.R.*, 590 F.3d 410, 417 (7th Cir. 2009) (citation omitted).

### B. Discussion[3]

The Evansville Defendants object to the portion of the Magistrate Judge's Order compelling them to answer three interrogatories regarding certain post-incident allegations that Plaintiffs contend relate to their malicious prosecution claim. [Filing No. 220.] The Evansville Defendants emphasize that the key events for a malicious prosecution claim in this litigation happened in 2012 and the interrogatories seek information related to a separate criminal investigation against a non-party in 2014. [Filing No. 220 at 4-7.] They conclude that the discovery sought is irrelevant and emphasize that the Magistrate Judge's decision cites a case where the discovery involved "a near identical crime committed by the same individual a few

---

[2] Plaintiffs have not objected to the portions of the Magistrate Judge's Order denying two other requests from their Motion to Compel. [Filing No. 226.] Thus, the Court will not address those requests or the Magistrate Judge's resolution of them.

[3] Because certain portions of Plaintiffs' Motion to Compel, the Evansville Defendants' Objection, and certain corresponding exhibits are being maintained under seal, the Court will only detail specific facts as necessary to address the parties' arguments.

months after the crime for which he was being charged." [Filing No. 220 at 6 (citing *United States v. Anifowoshe*, 307 F.3d 643, 647 (7th Cir. 2002)).] They distinguish the circumstances at issue and argue that the discovery sought is too remote to be relevant. [Filing No. 220 at 6-7.] Thus, the Evansville Defendants ask the Court to vacate the Magistrate Judge's Order. [Filing No. 220.]

In response, Plaintiffs emphasize the liberal nature of discovery and direct the Court to discovery already provided to them in December 2015 that underlies the current dispute. [Filing No. 226 at 2-3.] Plaintiffs emphasize that the discovery they seek is "highly relevant" to their malicious prosecution claim against Defendant Jeff Vantlin because it goes to the element of malice. [Filing No. 226 at 3-4.] They also argue that the discovery may be relevant to their conspiracy claim as well as their *Monell* claim against the City, which they alleged failed to adequately supervise its officers. [Filing No. 226 at 4.]

In reply, the Evansville Defendants again argue that the sought discovery is too remote to be relevant. [Filing No. 228 at 1-2.] They contend that Plaintiffs are on "a fishing expedition to place meat on bare-boned claims . . . ." [Filing No. 228.] Thus, the Evansville Defendants ask the Court to vacate the portion of the Magistrate Judge's decision ordering them to respond to the interrogatories at issue. [Filing No. 228 at 3.]

To state a malicious prosecution claim under § 1983, a plaintiff must demonstrate that, among other things, "he has satisfied the elements of a state law cause of action for malicious prosecution." *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) (citation omitted). Under Indiana law, one of the elements of malicious prosecution is that the defendant acted maliciously in instituting or causing to be instituted an action against the plaintiff. *Id.* Malice may be shown "by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances." *Id.* (citation omitted). A

conclusory statement that a defendant acted with malice is insufficient to support a claim. *Id.* Put another way, "[a]bsent facts demonstrating the requisite malice element," a plaintiff's malicious prosecution claim fails. *Id.*

Federal Rule of Evidence 404(b) provides that evidence of another act may be admissible for the purpose of proving motive or intent. "[B]y its very terms, 404(b) does not distinguish between 'prior' and 'subsequent' acts. The critical question is whether the evidence is sufficiently probative of a matter within the rule's purview. Depending upon the factual circumstances, the chronological relationship of the charged offense and the other act may well have some bearing on this inquiry, but it is not necessarily dispositive." *United States v. Anifowoshe*, 307 F.3d 643, 647 (7th Cir. 2002) (citation omitted).

The Court disagrees with the Evansville Defendants that the three interrogatories at issue are part of a discovery fishing expedition by Plaintiffs. Plaintiffs cite discovery produced by the City in December 2015 directly linking Defendant Vantlin to a decision made in a 2014 criminal investigation into a non-party for a possible crime that involved one of the Plaintiffs. [Filing No. 126-1 (redacted).] The interrogatories at issue in the underlying discovery dispute ask about that document and who was involved in the investigation and decisions in the 2014 investigation. [Filing No. 175-2.] As the Magistrate Judge correctly concluded, Plaintiffs' interrogatories are reasonably calculated to lead to the discovery of admissible evidence because even if the investigation post-dates the time period on which Plaintiffs' malicious prosecution claim is based, the evidence sought goes to the malice element of that claim because it may show personal animosity. [*See* Filing No. 212 at 4-5.] The Court rejects the Evansville Defendants' argument that the discovery should not be allowed simply because it may only involve one claim, one Plaintiff, and one Defendant. Moreover, as Plaintiffs point out, if the discovery reveals that other

4

Defendants were involved in the investigation at issue, such evidence may support their conspiracy claim. [Filing No. 226 at 4.]

Because the Magistrate Judge's ruling on the discovery dispute to which the Evansville Defendants' object was not clearly erroneous—and, in fact, the Court agrees with the Magistrate Judge's conclusion—the Court denies the Evansville Defendants' Objection. [Filing No. 218.]

### C. Conclusion

For the reasons stated herein, the Court **DENIES** the Evansville Defendants' Objection. [Filing No. 218.] Pursuant to the Magistrate Judge's Order, [Filing No. 212 at 5], Plaintiffs' Motion to Compel as to Plaintiffs' Third Set of Interrogatories Nos. 5, 6, and 7 is **GRANTED**. The City is **ORDERED** to comply within **fourteen days**[4] of the date of this Order.

Date: July 20, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution to Registered Attorneys via CM/ECF**

---

[4] The Magistrate Judge's Order gave the City thirty days to comply. [Filing No. 212 at 5.] In light of the time the parties took to brief the Evansville Defendants' Objection and various case management deadlines in place, the Court has reduced the City's time to comply to fourteen days.