UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WILLIAM HURT, <br> DEADRA HURT, <br> ANDREA HURT, <br> DEBBIE HURT, <br>           Plaintiffs, <br><br> vs. <br><br> JEFF VANTLIN, <br> JACK SPENCER, <br> WILLIAM ARBAUGH, <br> JASON PAGETT, <br> LARRY NELSON, <br> RICHARD BLANTON, <br> DAN DEYOUNG, <br> CITY OF EVANSVILLE, <br> MATTHEW WISE, <br> ZACHARY JONES, <br> AMY BURROWS-BECKHAM, <br>           Defendants. | No. 3:14-cv-00092-JMS-MPB |

**ORDER**

Presently pending before the Court are requests by two sets of Defendants for leave to file excess pages in support of their forthcoming summary judgment motions. [Filing No. 247; Filing No. 249.] The Court's Practices and Procedures limit summary judgment briefs to 35 pages, unless a party can show "extraordinary and compelling reasons" for additional pages. [Filing No. 45 at 3.] Defendants Zachary Jones and Matthew Wise ask the Court to allow them to file a 70-page supporting brief, [Filing No. 247 at 2], and Defendants William Arbaugh, Richard Blanton, City of Evansville, Dan DeYoung, Larry Nelson, Jason Pagett, Jack Spencer, and Jeff Vantlin (collectively, the "Evansville Defendants") ask the Court to allow them to file a 90-page supporting brief, [Filing No. 249 at 3]. Plaintiffs object to both of the requests, pointing out that if the

discovery record is as lengthy and complex and Defendants indicate, "it seems obvious that there are genuine issues of material fact." [Filing No. 250 at 2.] Plaintiffs ask that if the Court does grant the requests for additional pages, Plaintiffs also receive the same number of pages for their response briefs. [Filing No. 250 at 3.]

First, Defendants are reminded that to obtain summary judgment on a claim, they must show that there are no genuine issues of material fact on the claim when construing the facts in a light most favorable to the non-movants—here, the Plaintiffs. *See Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008) (holding that the court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor); *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009) (holding that the moving party is entitled to summary judgment only if no reasonable fact-finder could return a verdict for the non-moving party). On summary judgment, the Court cannot weigh evidence or make credibility determinations because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

Second, counsel has professional obligations pursuant to Rule 11 and 28 U.S.C. § 1927 to only move for summary judgment on the legal claims on which they have a good faith belief they can obtain summary judgment pursuant to the summary judgment standard. Failure to follow that principle can result in sanctions, even if only a portion of the motion is frivolous. *See Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001) ("A litigant cannot expect to avoid all sanctions under Rule 11 merely because the pleading or motion under scrutiny was not entirely frivolous."); *see also Meeks v. Jewel Companies, Inc.*, 845 F.2d 1421, 1422 (7th Cir. 1988)

("The attitude seems to be, it can't hurt to ask.  It can.  Any frivolous motion, pleading, or request is subject to sanctions . . . .").

Third, although Plaintiffs' Statement of Claims asserts twelve claims, [Filing No. 225], and Defendants represents that there may be as many as 72 distinct claims when each of the four Plaintiffs is considered, [Filing No. 249 at 2], Defendants should not move for summary judgment on each and every claim unless they can ethically do so in keeping with the foregoing standards. The Court is already familiar with the claims raised in this case because of the Defendants' Motion for Partial Judgment on the Pleadings, which resulted in a twenty-five page ruling narrowing Plaintiffs' claims. [Filing No. 112.] The parties have also engaged in multiple discovery disputes that have required judicial intervention to resolve.  Additionally, the parties' motions assert that discovery has resulted in over 4,500 pages of deposition testimony, copious amounts of written and electronic discovery, and at least six expert witnesses. [Filing No. 247 at 2.] Given this landscape, the Court expects counsel to diligently analyze the legal claims in light of the applicable summary judgment standard and only move for summary judgment on the select claims—if any—for which summary judgment is warranted.  Counsel should also bear in mind this popular saying: "If I had more time, I would have written a shorter letter." *See* http://quoteinvestigator.com/2012/04/28/shorter-letter/ (last visited September 27, 2016).

For these reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Defendants' requests for additional pages to support their forthcoming motions for summary judgment. [Filing No. 247; Filing No. 249.] Defendants Jones and Wise are granted leave to file a supporting summary judgment brief of up to **50 pages**.  The Evansville Defendants are granted leave to file a supporting summary judgment brief of up to **50 pages**.  Plaintiffs may file briefs up to **50 pages** in response to either of these motions.  Additionally, all parties are **ORDERED** to

3

review the Court's Practices and Procedures before any summary judgment filing, particularly **Appendix A**, which sets forth a detailed guide for how to file and cite summary judgment exhibits. [Filing No. 45 at 16-18.]

Date:  September 27, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution to Counsel via CM/ECF**