UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM HURT, | ) | |
| DEADRA HURT, | ) | |
| ANDREA HURT, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 3:14-cv-00092-JMS-MPB |
| | ) | |
| vs. | ) | |
| | ) | |
| JEFF VANTLIN, | ) | |
| JACK SPENCER, | ) | |
| WILLIAM ARBAUGH, | ) | |
| JASON PAGETT, | ) | |
| CITY OF EVANSVILLE, | ) | |
| MATTHEW WISE, | ) | |
| ZACHARY JONES, | ) | |
| AMY BURROWS-BECKHAM, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PENDING MOTIONS

On March 16, 2017, the Court issued an Order on Motions for Summary Judgment, granting in part and denying in part various Defendants' requests for summary judgment. [Filing No. 324.] On April 13, 2017, all Defendants except for Dr. Amy Burrows-Beckham[1] filed Notices of Appeal. [Filing No. 331; Filing No. 336.] They cite 28 U.S.C. § 1291 as the basis for their interlocutory appeal, stating that the Court's Order on summary judgment "is a denial of qualified immunity . . . which is a final decision that is immediately appealable." [Filing No. 331 (citing cases).] Defendants Zachary Jones and Matthew Wise have also filed a Motion to Stay Proceedings Pending Appeal. [Filing No. 333.] They ask this Court to stay all district court

---

[1] The Court granted summary judgment in favor of Dr. Burrows-Beckham on all claims pending against her in this litigation, [Filing No. 324], and she is not a party to any of the pending motions. For simplicity, the Court will still refer to the Defendants collectively for purposes of this Order.

proceedings pending appeal rather than allow this case to proceed to the currently scheduled trial because "[a] trial destroys the rights created by immunity" and the benefit of that doctrine "is effectively lost if the case is erroneously permitted to go to trial." [Filing No. 333 at 2.]

In response, Plaintiffs filed a Motion to Certify Defendants' Appeals as Frivolous. [Filing No. 343.] Plaintiffs point out that when the district court's denial of qualified immunity turns on a dispute of fact, "there is no right to an interlocutory appeal" because the "Seventh Circuit does not have jurisdiction to consider a qualified immunity appeal that turns on a question of fact." [Filing No. 343 at 3 (citing cases).] Plaintiffs emphasize that this Court denied summary judgment "because of the myriad disputes of material fact presented by the parties" and also found that whether Defendants acted objectively reasonably for purposes of qualified immunity depends on whether one accepts Plaintiffs' version of the facts or Defendants' version of the facts. [Filing No. 343 at 2.] Plaintiffs ask the Court to certify Defendants' appeal as frivolous, deny Defendants' Motion to Stay, and move forward with the currently scheduled trial. [Filing No. 343 at 11.]

In reply, Defendants[2] emphasize that immediate appeals of the issue of qualified immunity are "usual and customary." [Filing No. 346 at 2.] They argue that their appeal is not taken in bad faith and is not a sham. [Filing No. 347 at 2-3.] They contend that they "are not asking the Seventh Circuit to address issues of disputed fact," [Filing No. 346 at 1], and they list the following issues that they intend to raise on appeal:

---

[2] Defendants Wise and Jones and the Defendants related to the City of Evansville filed separate responses to Plaintiffs' Motion to Certify Appeal as Frivolous. [Filing No. 346; Filing No. 347.] Because they all take the same position and ask the Court to deny Plaintiffs' request to certify their appeals as frivolous, the Court will collectively address Defendants' position.

> A. The District Court applied the wrong legal standard in its analysis of the qualified immunity issue. It did not properly analyze whether the officers had arguable probable cause and did not address this issue from the perspective of a reasonable officer of similar training and experience in the same situation.
>
> B. The District Court erred when it denied qualified immunity to Jones and Wise based upon a holding that a reasonable jury could find that the confessions were coerced.
>
> C. The District Court erred when it denied qualified immunity to Jones and Wise based upon a holding that a reasonable jury could find that the police conduct shocked the conscience.
>
> D. The District Court erred in analyzing whether the police conduct in this case violated a Fourth, Fifth or Fourteenth Amendment constitutional right that was clearly established at the time of the event in question.[1]
>
> E. The District Court erred in not citing, considering or applying the proper law and legal precedent regarding the qualified immunity issues in this case.
>
> F. The District Court erred in not applying Kentucky qualified official immunity to all claims against the KSP Defendants.

[Filing No. 346 at 2.] Accordingly, the Defendants ask the Court to deny Plaintiffs' Motion to Certify Defendants' Appeals as Frivolous. [Filing No. 346; Filing No. 347.]

In *Mitchell v. Forsyth*, the United States Supreme Court held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." 472 U.S. 511, 530 (1985); *see also Gutierrez v. Kermon*, 722 F.3d 1003, 1009 (7th Cir. 2013) ("an order denying qualified immunity on summary judgment often is immediately appealable on the basis that it is a final decision on the defendant's right not to stand trial") (citing *Mitchell*, 472 U.S. at 524-30). As long as the issue is a legal one, the Seventh Circuit Court of Appeals "can consider the propriety of a denial of qualified immunity even on grounds other than those relied on in the district court." *Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 912

(7th Cir. 2011). That said, it does "not have jurisdiction to review an order denying qualified immunity on summary judgment if the issue on appeal is whether the record contains sufficient evidence to create a 'genuine' issue of material fact." *Gutierrez*, 722 F.3d at 1009. Appellate jurisdiction in this context is nuanced, however, because "[a] district court's finding that there are genuine issues of material fact 'does not always preclude appellate review.'" *Id.* (citing *Sallenger v. Oakes*, 473 F.3d 731, 738 (7th Cir. 2007)).

Plaintiffs' request to certify Defendants' appeal as frivolous is based on *Apostol v. Gallion*. 870 F.2d 1335 (7th Cir. 1989). In *Apostol*, the Seventh Circuit Court of Appeals consolidated various appeals to address an issue of first impression regarding whether a district court could proceed to trial while an interlocutory appeal from the denial of qualified immunity proceeded. *Id.* at 1335. It noted that "[a]s a rule, only one tribunal handles a case at a time" and that "[i]t follows that a proper [*Mitchell v. Forsyth*] appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial." *Id.* at 1337-38. The Seventh Circuit acknowledged, however, that most appeals end in affirmance and that some defendants may appeal a denial of qualified immunity "to stall because they gain from delay at plaintiffs' expense, an incentive yielding unjustified appeals." *Id.* at 1338. Because courts "are not helpless in the face of manipulation" when an appeal "is a sham" or "so baseless that it does not invoke appellate jurisdiction," the district court "may certify to the court of appeals that the appeal is frivolous and get on with the trial." *Id.* at 1338-39. The Seventh Circuit cautioned, however, that this "power must be used with restraint." *Id.* at 1339.

This Court found that numerous issues of material fact prevented it from granting summary judgment in favor of Defendants on various bases, including on their request for qualified immunity. [Filing No. 324.] Defendants have, however, pointed to some legal issues that they

4

intend to raise on appeal as to why this Court's denial of qualified immunity was incorrect, such as whether the Defendants' alleged conduct violated clearly established constitutional rights and whether the Court "applied the wrong legal standard in its analysis of the qualified immunity issue." [Filing No. 346 at 2.] Plaintiffs actually admit that "whether a constitutional right was clearly established at a certain point in time" is "an abstract issue of law."[3] [Filing No. 343 at 1-2.] Under these circumstances, the Court cannot conclude that Defendants' interlocutory appeal from this Court's denial of qualified immunity is a sham, baseless, or frivolous. Accordingly, the Court denies Plaintiffs' request to certify it as such and must grant Defendants' request to stay the proceedings pending the appeal. *See Apostol*, 870 F.2d at 1337-38; *Allman v. Smith*, 764 F.3d 682, 684 (7th Cir. 2014) ("when a public official takes an interlocutory appeal to assert a colorable claim to absolute or qualified immunity from damages, the district court *must* stay proceedings") (emphasis added).

For the reasons set forth herein, the Court **GRANTS** the pending Motion to Stay Proceedings Pending Appeal, [Filing No. 333], and **DENIES** Plaintiffs' Motion to Certify Defendants' Appeal as Frivolous, [Filing No. 343]. This action is hereby **STAYED**.

Date: May 3, 2017

*signature: Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

---

[3] While Plaintiffs contend that Defendants have waived certain aspects of their qualified immunity defense on appeal by not more fully developing their arguments during summary judgment briefing, [Filing No. 343 at 8], it is beyond dispute that Defendants raised qualified immunity as a defense and that the Court rejected it. Whether Defendants waived any specific arguments for purposes of appellate review is a legal decision to be made on appeal. *Hernandez*, 634 F.3d at 912-13 ("Accordingly, a finding of waiver is a legal determination which enables appellate review of the denial of qualified immunity.").

**Electronic Distribution via CM/ECF to Counsel of Record**