UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WILLIAM HURT, DEADRA HURT, and ANDREA HURT,<br>　　*Plaintiffs*,<br><br>*vs.*<br><br>JEFF VANTLIN, JACK SPENCER, WILLIAM ARBAUGH, JASON PAGETT, MATTHEW WISE, and ZACHARY JONES,<br>　　*Defendants*. | 3:14-cv-00092-JMS-MPB |

## **ORDER**

This case, which is set for trial on September 23, 2019, involves multiple claims by Plaintiffs William Hurt, Deadra Hurt, and Andrea Hurt[1] alleging that they were wrongfully targeted, arrested, and prosecuted for the death of their uncle, whose body was found in the Ohio River in June 2012. The Court ruled on Motions for Summary Judgment filed by Defendants in March 2017, and Defendants filed an interlocutory appeal of the portions of the Court's Order denying their motions. On January 23, 2018, the Seventh Circuit Court of Appeals affirmed the Court's summary judgment rulings for the most part, and reversed on a few grounds. *Hurt v. Wise*, 880 F.3d 831 (7th Cir. 2018). Subsequently, the Court ordered the parties to file Statements of Remaining Claims setting forth their view of which claims remain for trial in light of the Seventh Circuit's decision and other, subsequent legal precedent. The parties filed competing Statements of Remaining Claims, and the Magistrate Judge issued a Report and Recommendation on July 30, 2019. [Filing No. 385.] On August 13, 2019, all of the parties filed Objections to the Magistrate

---

[1] For simplicity, the Court will refer individually to Plaintiffs by their first names only in the remainder of this Order.

Judge's Report and Recommendation. [Filing No. 428; Filing No. 429; Filing No. 430.] This Order discusses those Objections.

## I.
### STANDARD OF REVIEW

The Court referred this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain types of pretrial motions]"). A referral under that provision may be "reconsider[ed]…where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 660-61 (7th Cir. 1998).

## II.
### DISCUSSION

In his Report and Recommendation, the Magistrate Judge recommended that the following claims proceed to trial: (1) Count I – § 1983 – Fourth Amendment Unlawful Pretrial Detention claim brought by William against Evansville Police Department ("EPD") Detectives Jeff Vantlin, Jack Spencer, William Arbaugh, and Jason Pagett, and by Deadra against EPD Detective Vantlin; (2) Count II – § 1983 – Fourth Amendment False Arrest claim brought by William, Deadra, and Andrea against EPD Detective Vantlin and Kentucy State Police ("KSP") Detectives Matthew Wise and Zachary Jones; (3) Count III – § 1983 – Fifth Amendment Due Process claim brought by William and Deadra against EPD Detective Vantlin and KSP Detectives Wise and Jones; (4) Count IV – § 1983 – Failure to Intervene claim brought by William, Deadra, and Andrea against EPD Detectives Vantlin, Spencer, Arbaugh, and Pagett, and KSP Detectives Wise and Jones; and (5) Count V – § 1983 – Conspiracy to Deprive Constitutional Rights claim brought by William,

Deadra, and Andrea against EPD Detectives Vantlin, Spencer, Arbaugh, and Pagett, and KSP Detectives Wise and Jones. The Court addresses each Objection in turn.

### A. Plaintiffs' Objection

Plaintiffs first object to the fact that the Report and Recommendation does not include their claims for Fourteenth Amendment deprivation of liberty, Fourteenth Amendment due process, and federal malicious prosecution. [Filing No. 430 at 1.] Based on the Seventh Circuit's holding in *Lewis v. City of Chicago*, 914 F.3d 472 (7th Cir. 2019), these claims – as they relate to Plaintiffs' pretrial detention – can only sound in the Fourth Amendment. *Id.* at 479 ("The injury of wrongful pretrial detention may be remedied under § 1983 as a violation of the Fourth Amendment, not the Due Process Clause. To the extent *Hurt* holds otherwise, it is overruled"). Any claims Plaintiffs have related to the use of their allegedly involuntary confessions in connection with their prosecution are covered in Count III, discussed below. The Court agrees with the Magistrate Judge's conclusion that *McDonough v. Smith*, 139 S. Ct. 2149 (2019), did not overrule *Lewis* and does not warrant inclusion of the Fourteenth Amendment unlawful pretrial detention and federal malicious prosecution claims originally asserted by Plaintiffs. Plaintiffs' Objection on this issue is **OVERRULED**.

Second, Plaintiffs object to the Report and Recommendation to the extent that it does not recommend inclusion of Deadra's Fourth Amendment wrongful pretrial detention claim against Detective Spencer. [Filing No. 430 at 1-2.] The Magistrate Judge's recommendation was based on the fact that Plaintiffs did not list Deadra's Fourth Amendment claim for wrongful pretrial detention against Detective Spencer in her Statement of Claims, which set forth her position regarding the claims left for trial after the Court's Order on the summary judgment motions and the Seventh Circuit's *Hurt* decision. [Filing No. 376 at 2.] The Court agrees with the Magistrate

Judge that if a plaintiff's malicious prosecution claim survived the interlocutory appeal, a corresponding Fourth Amendment wrongful pretrial detention claim should be allowed to proceed. Because Deadra's malicious prosecution claim survived the interlocutory appeal – albeit, relabeled a Fourteenth Amendment Due Process claim and then a Fourth Amendment wrongful pretrial detention claim by the Seventh Circuit – and since the failure to include that claim in the Statement of Claims appears to have been inadvertent, [*see* [Filing No. 430 at 2](#)], the Court **SUSTAINS** Plaintiffs' Objection on that issue and finds that Deadra's Fourth Amendment wrongful pretrial detention claim against Detective Spencer should proceed to trial.

### B. The EPD Defendants' Objection

The EPD Defendants first argue that Plaintiffs' Fourth Amendment wrongful pretrial detention claim should not proceed to trial because Defendants' allegedly false reports were all prepared after the arrests and probable cause determinations by the state court allowing the detention of William and Deadra. [[Filing No. 429 at 1-2](#).] They argue that probable cause is a bar to any Fourth Amendment claim, and engage in a lengthy discussion regarding the timing of the probable cause determination and the allegedly fabricated evidence. [[Filing No. 429 at 1-8](#).] They also contend that they are entitled to qualified immunity on the Fourth Amendment claim because the law surrounding that claim is not clearly established. [[Filing No. 429 at 8-9](#).] The EPD Defendants essentially argue that because the state court found there was probable cause to arrest Plaintiffs, a wrongful pretrial detention claim under the Fourth Amendment can never succeed. The Court disagrees.

The Seventh Circuit in *Hurt* discussed the Supreme Court's holding in [*Manuel v. City of Joliet, Illinois*, 137 S. Ct. 911 (2017)](#) ("*Manuel I*") that "the Fourth Amendment protects not only against an initial arrest without probable cause, but also continued detention in its absence…. It

is plausible to infer from each defendant's creation of false evidence that he was aware that the continuing incarcerations were unsupported and could have done something to stop them." 880 F.3d at 843. The EPD Defendants ignore the fact that William and Deadra's Fourth Amendment wrongful pretrial detention claim focuses on their continued detention, and not just their initial detention. This claim is consistent with the Seventh Circuit's decisions in *Hurt* and *Lewis*.

The EPD Defendants also argue that because the law is "unsettled" for a Fourth Amendment wrongful pretrial detention claim, they are entitled to qualified immunity. [Filing No. 429 at 8-9.] The Seventh Circuit affirmed this Court's denial of qualified immunity related to William and Deadra's wrongful pretrial detention. *Hurt*, 880 F.3d at 843-844. The Court rejects the argument that the same conduct at issue in their former malicious prosecution claim – which the Seventh Circuit found was not subject to immunity – is magically immune because the claim is now labeled a Fourth Amendment claim. The law proscribing detention in the absence of probable cause, and the inapplicability of qualified immunity for detention in the absence of arguable probable cause, however the claim is labeled, has been settled for years.

William's Fourth Amendment wrongful pretrial detention claim against Detectives Vantlin, Spencer, Arbaugh, and Pagett, and Deadra's Fourth Amendment wrongful pretrial detention claim against Detectives Vantlin and Spencer will proceed to trial, and the EPD Defendants' Objection as it relates to the inclusion of those claims is **OVERRULED**.

The EPD Defendants also argue that Plaintiffs' Fifth Amendment procedural due process claim (Count III) should not proceed to trial because, under *Lewis* and *Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 670 (7th Cir. 2018) ("*Manuel II*"), all claims brought under 42 U.S.C. § 1983 for wrongful pretrial detention must sound in the Fourth Amendment. [Filing No. 429 at 9-11.] The Court finds it necessary to clarify the contours of Count III. This Court has already found

that the Fifth Amendment claim set forth in the Complaint can only succeed if incriminating testimony was used, and that Andrea – who was never prosecuted – does not have a viable Fifth Amendment claim as alleged in the Complaint. Put another way, the Court has already found that Plaintiffs' Fifth Amendment claim focuses on the use of the allegedly unlawful confessions, and not on simply obtaining the unlawful confessions. Further, the Seventh Circuit found that Plaintiffs did not have a claim based on "conscience-shocking interrogation tactics," but rather only a procedural one for "the use of an involuntary confession in a criminal proceeding." *Hurt*, 880 F.3d at 844.

The Seventh Circuit has explicitly recognized that "[i]ntroducing an involuntary confession in a criminal prosecution violates the protection against compelled self-incrimination." *Id.* (citing *Miller v. Fenton*, 474 U.S. 104, 109-11 (1985)); *see also Jackson v. Curry*, 888 F.3d 259, 265 (7th Cir. 2018) ("The government violates the Self-Incrimination Clause by using coerced confessions at pre-trial hearings or trials in criminal cases"); *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1026-27 (7th Cir. 2006) ("[W]here, as here, a suspect's criminal prosecution was not only initiated, but was commenced because of her allegedly un-warned confession, the 'criminal case' contemplated by the Self-Incrimination Clause has begun. That [defendant's] confession was then introduced as evidence of her guilt at a probable cause hearing, a bail hearing and an arraignment proceeding further persuades us that [she] was 'compelled in [a] criminal case to be a witness against [her]self'") (citations omitted).

Having clarified that Count III relates to the use of allegedly involuntary confessions in the criminal process,[2] it is apparent that the EPD Defendants mischaracterize Plaintiffs' claims.[3] They argue that Count III relates to pretrial detention, so must sound in the Fourth Amendment. But, as the Court has clarified, Plaintiffs are focusing in Count III on the use of their allegedly involuntary confessions in their prosecution, and not on their pretrial detention. The Seventh Circuit in *Lewis* focused only on pretrial detention claims. 914 F.3d at 480 ("We reiterate that we deal here only with a claim of wrongful pretrial detention, not a claim of wrongful conviction") (emphasis omitted). Count III is not such a claim.

As to the EPD Defendants' argument that the Fifth Amendment does not apply to state officials, the Court finds that Count III is more properly labeled as a Fifth Amendment claim, applicable to the states through the Fourteenth Amendment. *See, e.g.*, *Jackson*, 888 F.3d at 265 ("The Fourteenth Amendment makes the Fifth Amendment's Self-Incrimination Clause applicable against the States"). The EPD Defendants' Objection is **SUSTAINED** only to the extent that Count III should technically also reference the Fourteenth Amendment for the sole purpose of making the Fifth Amendment applicable to state officials.

Finally, the EPD Defendants argue that because there is no underlying constitutional violation (based on their other arguments), Plaintiffs do not have a viable claim for failure to intervene or conspiracy to deprive Plaintiffs of their constitutional rights. [Filing No. 429 at 12-

---

[2] The Court notes that the criminal process includes not only trial, but the entire criminal process including, but not limited to, use "in a probable cause affidavit and in a pre-trial hearing." *Hurt*, 880 F.3d at 844.

[3] The Court notes that this is not the first time Defendants have engaged in such obfuscation. [*See* Filing No. 385 at 6 (Report and Recommendation noting that the KSP Defendants mischaracterized the Court's summary judgment ruling by relying on statements related to a different claim than the one discussed).] Defendants are cautioned that the Court is quite familiar with its own orders, and further attempts to misstate or mischaracterize are at the least unhelpful, and at the most undermine Defendants' credibility with the Court.

13.] Plaintiffs' Fourth Amendment and Fifth/Fourteenth Amendment as well as their false arrest claims will proceed to trial. Because those claims could form the basis for the failure to intervene and conspiracy claims, the EPD Defendants' Objection as to those claims is **OVERRULED**.

### C. The KSP Defendants' Objection

The KSP Defendants first argue that Plaintiffs' Fifth Amendment claim fails because it only applies to federal actors, and they are state officials. [Filing No. 428 at 1-2.] The Court has addressed this argument above, and the KSP Defendants' Objection is **SUSTAINED** to the extent that the claim is relabeled as brought under the Fifth Amendment, applicable to the states through the Fourteenth Amendment.

Next, the KSP Defendants argue that Plaintiffs do not plead a claim under the self-incrimination clause of the Fifth Amendment and that Plaintiffs have no Fifth Amendment due process claim after the Seventh Circuit's decision in *Lewis*. [Filing No. 428 at 2-3.] The Court has addressed these arguments above in connection with the EDP Defendants' Objection, and the KSP Defendants' Objection to Count III on those grounds is **OVERRULED**.

## III.
### CONCLUSION

For the foregoing reasons, the Court **OVERRULES IN PART** and **SUSTAINS IN PART** Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation, [430], Defendants Jeff Vantlin, Jack Spencer, William Arbaugh, and Jason Pagett's Objection to Report and Recommendation Regarding Claims Remaining for Trial, [429], and KSP Defendants' Wise and Jones' Objection to Report and Recommendation Regarding Claims Remaining for Trial, [428].

The Court notes that significant time has been spent sifting through the parties' arguments regarding the proper labels to give to Plaintiffs' claims. Because the substantive focus of these claims, rather than the specific constitutional amendments they fall under, are what is important

and what will be relevant for the jury at trial, the Court simplifies the labels of Plaintiffs' claims below. The Court has endeavored to parse out the relevant time periods and claimed injuries into separate claims, and will also work with the parties to craft jury instructions and verdict forms which ensure against the possibility of multiple recoveries for the same injuries.

The following claims will proceed to trial on September 23, 2019:

- Count I – Wrongful Pretrial Detention: William vs. EPD Detectives Vantlin, Spencer, Arbaugh, and Pagett; Deadra vs. EPD Detectives Vantlin and Spencer;

- Count II - False Arrest: William, Deadra, and Andrea vs. EPD Detective Vantlin and KSP Detectives Wise and Jones;

- Count III – Use of an Involuntary Confession in a Criminal Proceeding: William and Deadra vs. EPD Detective Vantlin and KSP Detectives Wise and Jones;

- Count IV - Failure to Intervene in Constitutional Violations: William, Deadra, and Andrea vs. EPD Detectives Vantlin, Spencer, Arbaugh, and Pagett, and KSP Detectives Wise and Jones; and

- Count V - Conspiracy to Deprive Constitutional Rights: William, Deadra, and Andrea vs. EPD Detectives Vantlin, Spencer, Arbaugh, and Pagett, and KSP Detectives Wise and Jones.

The parties are encouraged to continue working toward an agreed resolution of the case short of trial.

Date: 8/23/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**