UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

WILLIAM HURT, DEADRA HURT     )
and ANDREA HURT,     )
                Plaintiffs,     )
    )
           v.     )     Case No. 3:14-cv-00092-JMS-MPB
    )
JEFF VANTLIN, JACK SPENCER,     )
WILLIAM ARBAUGH, JASON     )
PAGETT, MATTHEW WISE, and     )
ZACHARY JONES,     )
                Defendants.     )

**EPD DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR ADDITIONAL TIME FOR TRIAL PRESENTATION
AND
OBJECTION TO THE COURT'S LIMITATION OF TIME FOR EPD DEFENDANTS'
TRIAL PRESENTATION AND MOTION FOR ADDITIONAL TIME FOR TRIAL
PRESENTATION
AND
MOTION TO CONTINUE**

Come now Defendants, Jeff Vantlin, Jack Spencer, William Arbaugh, and Jason Pagett

(collectively, "EPD Defendants"), by counsel, and respond in opposition to Plaintiffs' Motion for

Additional Time for Trial Presentation [Dkt. 436], object to the limitation of time outlined by the

Court in its trial schedule, move the Court for additional time for EPD Defendants to present their

defense case-in-chief, and move the Court for a continuance of the jury trial. As further explained

below, if it assists the Court with the present issues, EPD Defendants would consent to Magistrate

Judge Brookman to preside over the entire jury trial and all pending pretrial motions (*e.g.,* motions

to exclude expert witnesses, motions in limine, objections to trial witnesses and exhibits,

determination of jury instructions).

## I.      Trial Schedule and Plaintiffs' Motion

### A.      Background regarding remaining claims

This Court has determined that five of Plaintiffs' legal causes of action remain. From those five legal causes of action, Plaintiffs have a combined 48 distinct legal claims against the six Defendants, totaling 36 against the four EPD Defendants and 22 against two KSP Defendants. While some evidence overlaps, many witnesses called and exhibits used at trial will only relate to one legal claim. For example, Spencer's defense of William and Deadra's Wrongful Pretrial Detention claim will require Spencer to present witnesses and exhibits showing the Spencer Report was not false. Spencer will then separately present evidence that the Spencer Report was not used to deprive William of his liberty, which will be different from the evidence that the Spencer Report was not used to deprive Deadra of her liberty. Such will be true for each other Wrongful Pretrial Detention claim brought by William and Deadra against the EPD Defendants, as each allegedly fabricated report involves different periods of time, officers, other witnesses, and exhibits. Still different evidence will be used to show that each allegedly fabricated report was not used to deprive William and/or Deadra of their liberty. Lastly, all of which will be also different from EPD Defendants' defense of each Plaintiffs' false arrest claim and William and Deadra's Use of Involuntary Confession claims. Further, despite not designating any evidence to support their damages, Plaintiffs now claim they are seeking "millions of dollars." [Dkt. 436 at 2.] In short, EPD Defendants' defense to the 36 legal claims will not be insignificant.

### B.      Objection to the Court's Trial Schedule

The Court's current trial schedule presumably allows Plaintiffs 16 hours of trial presentation and Defendants a combined 12 hours of trial time, with presumably EPD Defendants permitted 6 hours. [Dkt. 432 at 1.] While EPD Defendants recognize the Court's power to place

reasonable time limits on a party's trial presentation, such time is not sufficient considering Plaintiffs' extensive remaining claims and Plaintiffs' witness and exhibit trial lists. Therefore, EPD Defendants object to the Court's proposed schedule, as such limitation will greatly prejudice EPD Defendants' defense.

C.      Plaintiffs' Motion

Plaintiffs request that they receive approximately 36 hours of trial time (*i.e.,* Monday morning through "midday" Friday) and Defendants receive a combined 8 hours (*i.e.,* Friday "midday" through Monday "morning"). [Dkt. 436-1.] Such is on its face unreasonable and will, again, greatly prejudice EPD Defendants' defense of the claims. Accordingly, EPD Defendants object to Plaintiffs' proposal.

While EPD Defendants would consent to Magistrate Judge Brookman presiding over the entire jury trial and all pending pretrial motions (*e.g.,* motions to exclude expert witnesses, motions in limine, objections to trial witnesses and exhibits, determination of jury instructions), EPD Defendants object to Plaintiffs' request that the Magistrate Judge preside over a portion of the jury trial.

Lastly, EPD Defendants object to Plaintiffs' proposal to moving the trial to Indianapolis, as this matter is pending in the Evansville Division must be tried "within the division." 28 USCS 1404(c).

D.      EPD Defendants' Motion for Additional Trial Time

As described above, EPD Defendants require additional time to present their defense at trial, beyond the approximately 6 hours currently allocated by the Court. Given the number of claims and witnesses listed by Plaintiffs, EPD Defendants request the same amount of time as

Plaintiffs, which would be 16 hours pursuant to the Court's Order [Dkt. 432 at 1], to present their

defense case-in-chief apart from any additional time requested by KSP Defendants.[1]

## II.      EPD Defendants' Motion to Continue

While EPD Defendants have diligently prepared for jury trial in this matter, recent events

outside their control have made it so EPD Defendants are unable to proceed with the September

23 jury trial date.

### A.      Plaintiffs' new Wrongful Pretrial Detention claim

While this Court stated "the argument that the same conduct at issue in their former

malicious prosecution claim – which the Seventh Circuit found was not subject to immunity – is

magically immune because the claim is now labeled a Fourth Amendment claim" [Dkt. 435 at 5],

EPD Defendants respectively argue that the change from §1983 Federal Malicious Prosecution to

"Wrongful Pretrial Detention" is more than just labeling; it is a substantive change that goes to the

heart of what any plaintiff must prove and what defenses are available to any defendant for a

Wrongful Pretrial Detention.

First, the legal elements of William and Deadra's newly transformed Count I - Wrongful

Pretrial Detention claim are not clearly established and the parties disagree what Plaintiffs must

prove. [Dkt. 396 at 16 *cf.* Dkt. 405 at 5.] Further, neither the Magistrate's Report [Dkt. 385] nor

this Court's Order on the Magistrate's Report [Dkt. 435] describe the Court's position on what

legal elements comprise the Wrongful Pretrial Detention. Strangely, however, EPD Defendants

and Plaintiffs seemingly agree that the elements are materially different from a §1983 Federal

Malicious Prosecution claim, as neither EPD Defendants nor Plaintiffs cited the elements of

"malicious prosecution," including the element of "malice," in their proposed jury instructions on

---

[1] EPD Defendants reserve the right to request additional time based upon the Court's rulings on the parties' motions in limine and to exclude expert witnesses.

this claim. [Dkt. 396 at 16 *cf.* Dkt. 405 at 5.] Such is evidence that the Court's change is more than just re-labeling but a substantive transformation of one legal claim to another.

Similarly, while probable cause at the time of arrest/detention is a bar to a §1983 Federal Malicious Prosecution claim, including claims based on later fabricated evidence, it is unclear how the jury will be instructed at trial if they believe that probable caused existed for Plaintiffs' arrests at the time of arrest based on the confessions. As previously stated, if the jury finds probable cause existed at the time of Plaintiffs' arrests based on the confessions, such bars any and all Fourth Amendment claims for wrongful detention. Instead, inferring from their proposed jury instructions which refer to a "criminal proceeding" and a determination of probable cause "at the time," Plaintiffs seemingly believe probable cause should be separately analyzed at different points in time during the same detention. No legal support is provided for that position or the greater argument that if probable cause exists at the time of arrest, it can be "lost" based on later allegedly fabricated evidence.

While the Court has stated it will work with the parties to craft jury instructions [Dkt. 435 at 9], such will not occur until after all evidence is presented to the jury and will not allow EPD Defendants to prepare their trial strategy pursuant to the legal authority. As it is now less than a month from trial, EPD Defendants cannot properly prepare their defense under the circumstances.

B.      Dr. Amy Burrows-Beckham through counsel has advised that she will not appear for trial during the week of September 23.

All parties were recently notified that Kentucky Medical Examiner, Dr. Amy Burrows-Beckham ("Dr. Burrows-Beckham") will not voluntarily appear for trial. Because she is an essential witness in this matter, EPD Defendants request a continuance additionally for that reason.

Through discovery and legal briefing, Plaintiffs have made extensive arguments that Marcus Golike's death was likely due to suicide and not homicide by asphyxiation, as determined

by Dr. Burrows-Beckham and relayed to Defendants during that investigation.[2] Plaintiffs have disclosed an expert witness (*i.e.*, Dr. James A. Filkins) who will provide an opinion at trial that Dr. Burrows-Beckham's conclusion was not reasonable.[3]

Recognizing the importance of Dr. Burrows-Beckham's live testimony at trial, on April 8, 2019 – 5 months prior to trial – EPD Defendants subpoenaed Dr. Burrows-Beckham to appear at trial in this matter to provide live testimony. [Exhibit 1 – EPD Defendants' Trial Subpoena to Dr. Amy Burrows-Beckham.] Subsequently, both EPD Defendants' counsel and KSP Defendants' counsel spoke with Edward Baylous, as counsel for Dr. Burrows-Beckham, and informed him that Dr. Burrows-Beckham was needed for trial. While Mr. Baylous stated that Dr. Burrows-Beckham had a planned vacation for the week of September 23, both EPD Defendants' counsel and KSP Defendants' counsel told Mr. Baylous that every attempt would be made to work around her schedule but that her live testimony at trial that week was necessary. Mr. Baylous never indicated that Dr. Burrows-Beckham would not appear for trial.

At the final pretrial conference on August 19, 2019, EPD Defendants' counsel and KSP Defendants' counsel informed the Magistrate Judge that the parties would have to work with the scheduling of Dr. Burrows-Beckham's testimony at trial. All parties agreed and following the final pretrial conference the parties called Mr. Baylous to schedule Dr. Burrows-Beckham's live

---

[2] EPD Defendants have filed a motion in limine on this issue, asking the Court to bar any evidence that Golike's death was not a homicide, including Filkins' testimony, as (1) the Court already found Dr. Burrows-Beckham's conclusion reasonable in order to find summary judgment in her favor, (2) EPD Defendants had the right to rely on that reasonable conclusion, and (3) Filkins' opinion was not known to EPD Defendants at the time of arrest/detention and, thus, is not relevant to any Fourth Amendment claim.

[3] As raised by EPD Defendants in their motion in limine, any evidence, including testimony by Dr. Filkins, that Marcus Golike committed suicide should not be admissible as EPD Defendants had the right to rely upon the Kentucky Medical Examiner, Dr. Burrows-Beckham. Further, any opinion testimony by Dr. Filkins at trial was not available and not known to EPD Defendants at the time of Plaintiffs' arrests and for a probable cause determination under the Fourth Amendment, only evidence known by the officers at the time of arrest is relevant.

testimony at trial during the week of September 23 and Mr. Baylous responded that he would speak with Dr. Burrows-Beckham.

On August 20, 2019, Mr. Baylous emailed counsel for the parties and informed EPD Defendants' counsel, for the first time, that Dr. Burrows-Beckham would not voluntarily agree to appear at the trial during the week of September 23 and that he was instructed to contest the subpoena served on her in April 2019, because she does not reside or work within 100 miles of Evansville, Indiana. However, subsequently, Mr. Baylous advised that Dr. Burrows-Beckham would voluntarily appear prior to the week of September 23 or after her return on September 30. [Exhibit 2 – Affidavit of Amy Burrows-Beckham.] Defendants will be prejudiced if they are required to proceed to trial without the live testimony of Dr. Burrows-Beckham, if the issue of whether Marcus Golike committed suicide or was murdered is still contested by Plaintiffs.

**WHEREFORE**, EPD Defendants respectfully:

A. Object to the Court's Trial Schedule limiting Defendants to 12 hours and presumably EPD Defendants to 6 hours;

B. Object to Plaintiffs' Motion, including Plaintiffs' request that they are permitted 36 hours of trial presentation time and 8 hours allocated to Defendants, collectively; and

C. Request the Court allow EPD Defendants additional time at trial in an amount equal to Plaintiffs, which is 16 hours pursuant to the Court's Order [Dkt. 432 at 1];

D. Request the Court continue the jury trial currently scheduled to begin on September 23, 2019; and

E. For all other just and proper relief in the premises.

Respectfully submitted,

ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

By:   */s/ Clifford Whitehead*

Robert L. Burkart #16664-82
Clifford R. Whitehead #28836-49
20 N.W. First Street, 9th Floor
P.O. Box 916
Evansville, IN 47706
Tel. No. (812) 424-7575/Fax No. (812) 421-5089
rburkart@zsws.com
cwhitehead@zsws.com

Attorneys for EPD Defendants, Jeff Vantlin, Jack Spencer, William Arbaugh, Jason Pagett

## CERTIFICATE OF SERVICE

I certify that on the August 28, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Clifford Whitehead*
Clifford R. Whitehead

8