UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WILLIAM HURT, DEADRA HURT, and ANDREA HURT,<br>     *Plaintiffs*,<br><br>     *vs.*<br><br>JEFF VANTLIN, JACK SPENCER, WILLIAM ARBAUGH, JASON PAGETT, MATTHEW WISE, and ZACHARY JONES,<br>     *Defendants.* | )<br>)<br>)<br>)     3:14-cv-00092-JMS-MPB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Plaintiffs William Hurt, Deadra Hurt, and Andrea Hurt[1] allege in this action that they were wrongfully targeted, arrested, and prosecuted for the death of their uncle, Marcus Golike, whose body was found in the Ohio River in June 2012. The parties have filed several motions in advance of the two-week trial scheduled to begin on April 20, 2020, including: (1) Motions in Limine filed by Defendants Zachary Jones and Matthew Wise (the "KSP Defendants"), [Filing No. 391]; (2) Motions in Limine filed by Defendants Jeff Vantlin, Jack Spencer, William Arbaugh, and Jason Pagett (the "EPD Defendants"), [Filing No. 397]; (3) a Motion to Take Judicial Notice and Motion for Determination on Collateral Estoppel filed by the KSP Defendants and the EPD Defendants, [Filing No. 398]; (4) Agreed Motions in Limine filed by all parties, [Filing No. 401]; (5) Motions in Limine filed by Plaintiffs, [Filing No. 407]; and (6) Supplemental Motions in Limine filed by the EPD Defendants, [Filing No. 420]. These motions are now ripe for the Court's ruling.

---

[1] For simplicity, the Court will refer individually to Plaintiffs by their first names only in the remainder of this Order.

# I.
## STANDARD OF REVIEW

Given the evidentiary vacuum in which denials of motions in limine are made, such a denial is not final. *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). A court's ruling on a motion in limine is subject to reconsideration "as events at trial unfold." *Moore v. General Motors Corp., Delco Remy Div.*, 684 F.Supp. 220, 220 (S.D. Ind. 1988). Accordingly, none of the Court's rulings here precludes counsel from objecting to offers of evidence during trial or from offering excluded evidence outside the presence of the jury as part of an offer of proof. Indeed such acts are required for preservation of the record for purposes of appeal.

# II.
## THRESHOLD ISSUES REGARDING UNDERLYING CRIMINAL PROCEEDINGS

At the outset, the Court addresses the issue of which components of Plaintiffs' criminal proceedings may be admissible at trial. These issues are raised throughout all parties' Motions in Limine and Defendants' Motion to Take Judicial Notice and Motion for Determination on Collateral Estoppel. Each side is seeking exclusion of parts of the criminal proceedings that may be unfavorable to their case, yet arguing that favorable parts should be admitted for consideration by the jury. The following chart reflects issues related to the underlying criminal proceedings, and which parties seek their exclusion:

| Issue | Defendants Seeking Exclusion | Plaintiffs Seeking Exclusion |
|---|---|---|
| Probable cause existed for Plaintiffs' arrests | | √ |
| No criminal charges were filed against Andrea | √ | |
| State court judge suppressed Deadra's confession | √ | |
| State court judge did not suppress William's confession | | √ |

| | | |
|---|---|---|
| Jury could not reach verdict on William's obstruction of justice charge | | √ |
| Jury acquitted William on murder and robbery charges | √ | |

As to the issues for which Defendants seek exclusion – that no criminal charges were filed against Andrea, that the state court judge suppressed Deadra's confession, and that the jury acquitted William on the murder and robbery charges – Plaintiffs argue that this evidence is relevant in order to provide the jury with important context. Plaintiffs also assert that they expect Defendants to contend at trial that Plaintiffs are guilty of murdering Mr. Golike, and so Plaintiffs should be permitted to explain that they were subjected to an adversarial criminal legal system and prevailed. They argue that absent this context, the jury may speculate that Plaintiffs were found guilty, but were released on a technicality. Additionally, Plaintiffs note that the jury will need to consider whether William and Deadra's confessions were used in their criminal proceedings in connection with their Fifth Amendment claims. Plaintiffs also argue that evidence regarding the outcome of the criminal cases is relevant to their damages, which include the anxiety of facing criminal charges and waiting to learn their fates. They assert that this evidence is also relevant to show that Detective Vantlin continued to try to dig up evidence after the criminal proceedings were over. Finally, Plaintiffs suggest that the Court can instruct the jury that favorable terminations of the criminal proceedings cannot be used to determine whether Defendants had probable cause to arrest Plaintiffs, but may be used for other evidentiary purposes.

In response to Plaintiffs' arguments seeking exclusion of other issues related to the underlying criminal proceedings – that probable cause existed for Plaintiffs' arrests, that the state court judge did not suppress William's confession, and that the jury was unable to reach a verdict on the obstruction of justice charge against William – Defendants argue that the jury has a right to

know the information, and that Defendants should be able to present the information to counter Plaintiffs' arguments regarding a lack of probable cause or that Defendants should have known the confessions were coerced. Defendants also note that if Plaintiffs are allowed to present evidence regarding issues from the criminal proceedings that are favorable to them, then Defendants should be permitted to do the same.

The Court addresses each component of the criminal proceedings below.

**A. The Existence of Probable Cause**

The finding of probable cause is especially intertwined with Plaintiffs' claims for wrongful pretrial detention and false arrest. The Seventh Circuit has held that an arrest "is constitutional if the arresting officers (1) have probable cause to arrest the person sought and (2) reasonably believe that the person arrested is the person sought." *Tibbs v. City of Chicago*, 469 F.3d 661, 664 (7th Cir. 2006) (citation and quotation omitted). The Seventh Circuit has also held, however, that when a claim under 42 U.S.C. § 1983 related to probable cause "is more accurately characterized as a challenge to the integrity of the evidence than to its sufficiency," collateral estoppel does not bar the § 1983 claim. *Schertz v. Waupaca Cty.*, 875 F.2d 578, 581 (7th Cir. 1989); *see also Brokaw v. Weaver*, 305 F.3d 660, 670 (7th Cir. 2002).

Because the state court judge's finding of probable cause has no preclusive effect in this case, the Court finds that it is not relevant to the issues in this case and that its risk of prejudicial effect substantially outweighs any probative value. *Betts v. City of Chicago, Ill.*, 784 F.Supp.2d 1020, 1032 (N.D. Ill. 2011) (granting motion in limine to preclude evidence of state court judge's finding that probable cause did not exist); *Hillard v. City of Chicago*, 2010 WL 1664941, at *5 (N.D. Ill. 2010) ("Some courts have found it appropriate to advise the jury of the disposition of a plaintiff's criminal charge in a false arrest case to prevent the jury from assuming the plaintiff was

found guilty. Notifying the jury of the 'no probable cause' finding is unnecessary to meet this purpose…. There is no need to delve into the specifics of the state court disposition…. [I]ntroduction of the 'no probable cause' finding risks a substantial prejudicial effect, as the jury may equate the state court's finding with a determination as to the propriety of the defendant officers' actions. [Plaintiff] insists the court can address this concern with a limiting instruction. However, the tenuous relevance of this evidence does not outweigh the risk that it will confuse and mislead the jury").

The Court finds that evidence that the state court judge found that probable cause existed for Plaintiffs' arrests is inadmissible at the trial in this case.

## B. The Absence of Criminal Charges Against Andrea

Defendants seek to exclude any mention of the fact that criminal charges were not filed against Andrea. The underlying criminal proceedings are intertwined with the claims that Plaintiffs assert in this case in such a way that the Court cannot conceive of a scenario where the jury is able to determine those claims without knowing the outcome of the criminal proceeding, which began with Andrea's detention but was concluded without charges. Additionally, the jury needs to know Andrea's fate in order to be able to evaluate her damages. Evidence that no criminal charges were filed against her will be admissible at trial.

## C. The Fact That Deadra's Confession Was Suppressed

Defendants also seek to prevent the jury from knowing that Deadra's confession was suppressed by the state court judge. Civil rights cases often involve issues regarding the admissibility of events that took place during the underlying criminal proceeding. However, rarely are the determinations made by the state court judge so closely related to the very issues the jury must decide in the civil rights case. Here, the admission of the fact that Deadra's confession was

suppressed by the state court judge may very well lead jurors to conclude that because a judge found the confession to be inappropriate for use at the criminal trial, the jury should also conclude that the confession was coerced. But the state court judge's grant of Deadra's suppression motion does not have a preclusive effect in this case. *See Paige v. City of Fort Wayne*, 2010 WL 3522526, at *5, n.9 (N.D. Ind. 2010) (court noting that it must look to Indiana's law of collateral estoppel to determine whether state court's denial of motion to suppress had a preclusive effect in a § 1983 action, and that Indiana law requires a final judgment for collateral estoppel to apply). While the fact that Deadra's confession was suppressed could be relevant to her damages claim, the Court finds that this probative value is substantially outweighed by the risk of prejudicial effect this evidence could have.

The Court notes that Defendants do not specifically seek to exclude evidence that the charges against Deadra were dismissed after her confession was suppressed. Much like the absence of charges against Andrea, the Court finds that the fact that Deadra ultimately did not go to trial because the charges against her were dismissed is relevant. Evidence of why the charges were dismissed – because her confession was suppressed – will not be admissible.

### D. The Fact That William's Confession Was Not Suppressed

Not surprisingly, despite not wanting the jury to know that Deadra's confession was suppressed by the state court judge, Defendants would like the jury to know that William's confession was not suppressed. The Court's analysis of this issue mirrors its analysis above, in connection with Deadra's confession being suppressed. The state court's denial of William's motion to suppress does not have a preclusive effect in this case. *Id.* (plaintiff's acquittal denied him the "full and fair opportunity to litigate" the ruling on his motion to suppress, which was necessary for collateral estoppel to apply). Additionally, given that the jury in this case will

consider the very issue of the legality of William's confession, allowing the jury to know that the state court judge did not suppress the confession would be prejudicial, and this prejudice would substantially outweigh any probative value. Accordingly, evidence that William's confession was not suppressed will not be admissible at trial.

### E. Evidence That the Jury Acquitted William on Certain Charges

Defendants seek to exclude evidence that the jury acquitted William on the murder and robbery charges at his criminal trial. Much like the fact that Andrea was not ultimately charged, the Court finds that William's acquittal on the murder and robbery charges would provide the jury with context that it will need to resolve the issues in this case. The fact of the acquittal is part of the story of what took place in this case, and not knowing William's ultimate fate would make it impossible for the jury to determine damages should they find liability. Additionally, William could not have pursued his § 1983 claim in this case if he had been convicted in the criminal proceeding. *Rodriguez v. Cook Cty., Ill.*, 664 F.3d 627, 630 (7th Cir. 2011) ("When a person has been convicted and imprisoned, a § 1983 claim that is inconsistent with the validity of that conviction does not accrue until the conviction has been set aside in some other manner…") (citation omitted). Further, a finding of acquittal does not equate with a finding that William's confession was coerced, so the Court does not find the evidence unduly prejudicial. But the evidence is highly relevant to William's damages. *Cf. Coffey v. Callaway*, 2015 WL 1970566, at *3 (D. Conn. 2015) (in excessive force case, granting defendants' motion in limine to exclude evidence of the outcome of plaintiff's criminal trial because "the fact of [plaintiff's] guilt or innocence of the charges for which he was arrested is of no consequence in determining whether the officers' use of force in arresting him was objectively unreasonable or unreasonable").

Evidence of William's acquittal on the murder and robbery charges will be admissible at trial.

**F.  Evidence That the Jury Was Unable to Reach a Verdict on William's Obstruction of Justice Charge**

Having found that William's acquittal on the murder and robbery charges is admissible, the Court also finds that the fact that the jury was unable to reach a verdict on William's obstruction of justice charge is also admissible.  There is no sound reason to distinguish between the two types of evidence, and if one type of evidence is admissible then the other one will be as well.

In sum, the following evidence related to the underlying criminal proceedings will be admissible at trial: (1) the fact that no criminal charges were filed against Andrea; (2) the fact that the jury acquitted William on the murder and robbery charges; (3) the fact that the charges against Deadra were dismissed; and (4) the fact that the jury was unable to reach a verdict on William's obstruction of justice charge.  The following evidence will not be admissible at trial: (1) the fact that the state court judge found there was probable cause to arrest Plaintiffs; (2) the fact that Deadra's confession was suppressed; and (3) the fact that William's confession was not suppressed.

**III.**
**THE KSP DEFENDANTS' MOTIONS IN LIMINE [FILING NO. 391]**

The KSP Defendants seek to exclude seven categories of evidence at trial, which the Court will consider in turn.

**A.  Detective Jones' Reassignment**

First, the KSP Defendants seek to exclude evidence of Detective Jones' reassignment from his position as a detective to trooper in 2014, after the events relevant to the lawsuit took place. They argue that the reassignment is not related to Detective Jones' ability to conduct criminal

investigations or to his job performance, and is instead related to a personal dispute with a supervisor. [Filing No. 391 at 1.]

Plaintiffs argue in response that evidence of the reassignment is relevant because Detective Jones' "level of experience in conducting homicide investigations" both at the time of the investigation and by the time of trial, is relied upon by Detective Jones to justify his conduct during the investigation. [Filing No. 426 at 17.]

The Court finds that the fact that Detective Jones was reassigned to a trooper position in 2014 is not relevant to the issues in this case. The KSP Defendants' Motion in Limine No. 1, relating to evidence of Detective Jones' reassignment, is **GRANTED**. The KSP Defendants are cautioned, however, that to the extent they attempt to bolster Detective Jones' character, experience, or expertise, this evidence may well become relevant.

**B. Detective Jones' "If Not, You're Going to Hang" Statement**

Second, the KSP Defendants seek to exclude Detective Jones' statement to Deadra during her interrogation to tell the truth and "if not, you're going to hang." They argue that the statement was not "confession-inducing," because Deadra had already confessed three times to driving the van on the night in question. [Filing No. 391 at 1-2.]

Plaintiffs argue in response that the statement is relevant to whether they were improperly coerced into giving false confessions. [Filing No. 426 at 18.]

The Court finds that Detective Jones' statement "if not, you're going to hang" is directly relevant to the central issue in this case – whether or not Defendants coerced Plaintiffs into giving false confessions. Indeed, the KSP Defendants do not argue that the statement is not relevant. Whether the statement was "confession-inducing" is precisely a question for the jury. And, despite what Deadra may have said before Detective Jones' statement, the statement is still relevant to

present the full picture of what took place during the interrogation.  The KSP Defendants' Motion in Limine No. 2 is **DENIED**.

### C.  Internal Disciplinary Action Against Detectives Wise and Jones

Third, the KSP Defendants argue that evidence related to their disciplinary histories should be excluded, including: (1) Detective Jones being disciplined by the Kentucky State Police in 2007-2008 for not properly turning on the videotape recording equipment in his car; (2) Detective Jones being disciplined by the Kentucky State Police in 2014 for mishandling of recovered property; (3) Detective Wise being disciplined by the Kentucky State Police in 2009 for not checking his email promptly; and (4) Detective Wise being disciplined in 2007 for failing to attend a court date.  They argue that these incidents of discipline were not related to Detectives Wise and Jones' actions in this case and are not relevant.  [Filing No. 391 at 2-3.]

Plaintiffs argue in response that the KSP Defendants' disciplinary histories are relevant because their "truthfulness, and their conduct and competence as law enforcement officers is squarely at issue in this trial – as are their ability to obtain evidence, appropriately document it, and honestly report it."  [Filing No. 426 at 20.]

Evidence regarding internal disciplinary action taken against Detectives Wise and Jones is classic "bad acts" evidence, and is inadmissible under Fed. R. Evid. 404.  The KSP Defendants' Motion in Limine No. 3 is **GRANTED**.  Once again, however, the KSP Defendants are cautioned that this evidence may become admissible to the extent they present evidence aimed at bolstering the character, experience, and/or expertise of Detectives Wise and Jones.

### D.  Suppression of Deadra's Confession in Criminal Case

For the reasons discussed above, the Court **GRANTS** the KSP Defendants' Motion in Limine No. 4.

### E.  Citizen Complaints Against Defendants

The KSP Defendants argue that evidence regarding any citizen complaints against any of the Defendants should be excluded.  [Filing No. 391 at 3.]

Plaintiffs respond that they do not intend to present evidence of citizen complaints filed against Defendants, and if that changes – *i.e.*, if they decide to elicit such evidence for impeachment, to refresh Defendants' recollections, or to attack Defendants' credibility – they will raise the issue with the Court outside the presence of the jury.  [Filing No. 426 at 22-23.]

Evidence regarding citizen complaints against Defendants constitutes "bad acts" evidence, and is inadmissible under Fed. R. Evid. 404.  The KSP Defendants' Motion in Limine No. 5 is **GRANTED**, but the KSP Defendants are cautioned that this evidence may become admissible for impeachment purposes.

### F.  Evidence Supporting or Bolstering Plaintiffs' Character

The KSP Defendants seek to exclude "evidence…supporting or bolstering Plaintiffs' character as it would be unfairly prejudicial."  [Filing No. 391 at 3.]

Plaintiffs argue that the KSP Defendants' motion is too vague, and so they cannot provide a specific response.  [Filing No. 426 at 23.]  They also argue that they "do not intend to present any gratuitous evidence of their own good character," but that some character evidence, including "what Plaintiffs have done with their lives since these criminal cases ended," is relevant to their damages.  [Filing No. 426 at 23-24.]

The Court cannot discern what type of evidence the KSP Defendants are referring to in their one-sentence motion, and **DENIES** Motion in Limine No. 6.

### G. Undisclosed Damages Evidence

The KSP Defendants argue that evidence of "Plaintiffs' alleged damages that has not been disclosed during discovery" should be excluded. [Filing No. 391 at 3.]

Plaintiffs respond that a generic request to exclude evidence not properly disclosed in discovery is not a proper motion in limine, and is instead governed by Federal Rules of Civil Procedure 26 and 37. [Filing No. 426 at 24.] Plaintiffs also argue that they should not be precluded from presenting evidence at trial from damages witnesses that the KSP Defendants failed to depose, or evidence that the KSP Defendants failed to elicit during depositions. [Filing No. 426 at 25.]

Federal Rule of Civil Procedure 37(c) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The KSP Defendants have not provided specific examples of what they contend violates Rule 37. Accordingly, their Motion in Limine No. 7 is **DENIED**. If the KSP Defendants wish to raise this issue with regard to certain specific evidence at trial, and if the Court determines that Plaintiffs failed to supplement or disclose evidence in compliance with Rule 37, the evidence will be excluded.

In sum, the Court:

- **GRANTS** the KSP Defendants' Motions in Limine Nos. 1, 3, 4, and 5; and

- **DENIES** the KSP Defendants' Motions in Limine Nos. 2, 6, and 7.[2]

---

[2] The KSP Defendants state in their Motions in Limine that they "adopt, affirm, and incorporate by reference herein all motions in limine filed by the EPD Defendants." [Filing No. 391 at 3.] Similarly, the Court incorporates all of its rulings on the EPD Defendants' Motions in Limine as applicable to the KSP Defendants as well.

## IV.
### THE EPD DEFENDANTS' MOTIONS IN LIMINE [FILING NO. 397]

The EPD Defendants seek to exclude ten categories of evidence, which the Court discusses below.

### A. Insurance or Indemnification Information

The EPD Defendants argue that any evidence that they may be insured or indemnified, in whole or in part, against liability for any part of Plaintiffs' claim, including that the City of Evansville or another entity may pay for any judgment against them, should be excluded. [Filing No. 397 at 2.]

Plaintiffs agree that evidence of insurance or indemnification is generally inadmissible, but argue that if Defendants offer evidence giving the impression that an award against them would constitute a financial hardship, they should be able to present evidence of indemnification or insurance. [Filing No. 426 at 26.]

Federal Rule of Evidence 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice…." Evidence that the EPD Defendants would be indemnified for, or have insurance that would cover, any liability is generally inadmissible. *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998). The Court **GRANTS** the EPD Defendants' Motion in Limine No. 1, but cautions them that evidence of insurance or indemnification may become admissible if their poverty is raised as a defense at trial. *Id.* ("In this limited circumstance we will set aside the general rule against admitting [plaintiff's] evidence (of a collateral source) because the defendants pleaded severe financial strain").

**B. Contradictions to Determinations by the State Court Judge**

The EPD Defendants seek to exclude any evidence contradicting the state court judge's determination that probable cause existed for each Plaintiff's arrest, and that William's confession was not coerced. [Filing No. 397 at 2.]

For the reasons discussed above, the Court excludes any evidence that the state court judge determined there was probable cause for Plaintiffs' arrests, and that the state court judge did not suppress William's confession. Accordingly, the EPD Defendants' Motion in Limine No. 2 is **DENIED**.

**C. Outcomes in Plaintiffs' Underlying Criminal Cases**

The EPD Defendants argue that evidence regarding certain outcomes in Plaintiffs' underlying criminal cases should be excluded, including that no criminal charges were filed against Andrea, that the state court judge suppressed Deadra's confession, and that the jury acquitted William on the murder and robbery charges and was unable to reach a verdict on the obstruction of justice charge. [Filing No. 397 at 2.]

For the reasons discussed above, the Court **GRANTS** the EPD Defendants' Motion in Limine No. 3 as it relates to the fact that the state court judge suppressed Deadra's confession, but **DENIES** Motion in Limine No. 3 as it relates to the fact that no criminal charges were filed against Andrea, the charges against Deadra were dismissed, and the jury acquitted William on the murder and robbery charges and was unable to reach a verdict on the obstruction of justice charge.

**D. Marcus Golike's Mental Health History**

The EPD Defendants seek to exclude evidence of any potential suicide or prior suicide attempts by Mr. Golike, including any information not reviewed or relied on in the underlying criminal investigation prior to Plaintiffs' arrests. [Filing No. 397 at 2.]

Plaintiffs argue that evidence of Mr. Golike's medical history is relevant to the issues of whether Defendants had probable cause to arrest Plaintiffs, whether Plaintiffs are innocent, and Plaintiffs' damages. [Filing No. 426 at 35-36.]

The Court finds that evidence of Mr. Golike's mental health history – including, for example, Mr. Golike's brother informing Detectives Vantlin, Wise, and Jones that Mr. Golike had been on the bridge three times before, threatening to commit suicide – is relevant to whether Defendants had probable cause to arrest Plaintiffs and to the reasonableness of Defendants' actions. The EPD Defendants' Motion in Limine No. 4 is **DENIED**.

### E.  Defendants' Prior Bad Acts

The EDP Defendants argue that any prior bad acts of Defendants, including any false police report by Joe Dickinson, any other lawsuit, any disciplinary action, any personnel record of any witness, any other arrest or interrogation, any citizen complaint, and "[a]ny remedial action stemming from any other incident" should be excluded. [Filing No. 397 at 2-3.]

Plaintiffs argue that this evidence may be relevant for impeachment purposes, to refresh a defendant's recollection, or to attack a defendant's credibility, bias, or motive to testify falsely. [Filing No. 426 at 19-21.] They also assert that the false police report by Joe Dickinson is directly relevant to Defendants' liability. [Filing No. 426 at 38.]

As discussed above in connection with the KSP Defendants' Motions in Limine Nos. 3 and 5, evidence of Defendants' "bad acts" is generally inadmissible under Fed. R. Evid. 404. The EPD Defendants' Motion in Limine No. 5 is **GRANTED IN PART** to the extent that evidence of other lawsuits, disciplinary actions, personnel records of witnesses, other arrests or interrogations, citizen complaints, and remedial actions is excluded. The EPD Defendants are cautioned, however, that this evidence may become admissible should they attempt to bolster their character,

experience or expertise or for impeachment purposes.  The EPD Defendants' Motion in Limine No. 5 is **DENIED IN PART** to the extent that evidence of any false police report by Joe Dickinson is admissible because it is directly relevant to Defendants' handling of the investigation and, in turn, to their potential liability.

### F.  Evidence of Defendants' Violations of Internal Policies of the Evansville Police Department, Kentucky State Police, or Other Law Enforcement Body

The EPD Defendants argue that evidence regarding whether any Defendant violated any custom, practice, procedure, or guideline of the Evansville Police Department, Kentucky State Police, or any law enforcement body should be excluded.  [Filing No. 397 at 3.]

Plaintiffs respond that this evidence is relevant to Defendants' knowledge, intent, motivation, bias, and malice, and to the issue of punitive damages.  [Filing No. 426 at 39-40.] Plaintiffs also state that they "have no intention of arguing that disregard of a rule equates to proof of a constitutional violation," but that they should be able to address this evidence since the EPD Defendants listed their training records on their exhibit list.  [Filing No. 426 at 40.]

The Court finds that evidence regarding Defendants' violations of customs, practices, procedures, or guidelines of the Evansville Police Department, the Kentucky State Police, or other law enforcement bodies is directly relevant to Defendants' knowledge, malice, and whether they acted reasonably in the investigation.  Accordingly, the EPD Defendants' Motion in Limine No. 6 is **DENIED**.  However, the EPD Defendants may also present evidence of their compliance with such customs, practices, procedures, or guidelines.

### G.  Settlement or Plea Negotiations

The EPD Defendants seek to exclude evidence of any settlement negotiations or lack thereof in this case, or of plea negotiations (including any plea agreements, or offers of immunity presented, accepted, or rejected).  [Filing No. 397 at 3.]

Plaintiffs agree that evidence regarding settlement negotiations in this case is inadmissible under Fed. R. Evid. 408. [Filing No. 426 at 41.] They argue, however, that evidence of rejected plea offers is relevant and admissible to show Plaintiffs' innocence, which relates to liability and damages. [Filing No. 426 at 41-46.]

The Court finds that any evidence regarding settlement negotiations, or lack thereof, in this case, is inadmissible under Fed. R. Evid. 408. The Court also finds, however, that Plaintiffs may present evidence of their innocence to support their damages claim, and that plea negotiations in the underlying criminal case constitute such admissible evidence. *See Parish v. City of Elkhart, Ind.*, 702 F.3d 997, 999 (7th Cir. 2012) ("A jury that believed the plaintiff was guilty of the crime would award lower damages because the imprisonment is attributable to the person's own actions as well as the civil defendants' misbehavior and even a fair prosecution and trial may well have resulted in the person's imprisonment"). Specifically, evidence of rejected plea offers is directly relevant to the issue of Plaintiffs' innocence. *Id.* at 1002 (evidence in § 1983 wrongful conviction case that plaintiff "refused to enter into a plea bargain at every opportunity in the criminal case, choosing to assert his innocence at trial," and rejected a plea deal after serving eight years in prison that would have allowed him to serve no additional time, was evidence of plaintiff's innocence and was "critical to the damages issue"); *Ayers v. City of Cleveland*, 773 F.3d 161, 169 (6th Cir. 2014) ("In § 1983 malicious prosecution case, [e]vidence concerning [plaintiff's] innocence is also relevant to the issue of damages").

Accordingly, the Court **GRANTS** the EPD Defendants' Motion in Limine No. 7 as it relates to settlement negotiations in this case, but **DENIES** Motion in Limine No. 7 as it relates to plea negotiations in the underlying criminal proceedings.

### H.  Plaintiffs Asking Jury to "Send a Message" to Defendants

The EPD Defendants seek to exclude any mention by Plaintiffs that the jury should "send a message" to Defendants.  [Filing No. 397 at 3.]

Plaintiffs argue in response that this type of argument should be permitted because they seek punitive damages.  [Filing No. 426 at 46.]  They note that the Seventh Circuit Pattern Jury Instructions contemplate punitive damages as a punishment for defendant's conduct and to serve as an example or warning to defendants not to engage in certain conduct, so requesting that the jury "send a message" is consistent with that instruction.  [Filing No. 426 at 46-47.]

The Seventh Circuit Pattern Civil Jury Instructions provide that "[t]he purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future."  Federal Civil Jury Instructions of the Seventh Circuit, Instruction 7.28; *see also Kemezy v. Peters*, 79 F.3d 33, 34 (7th Cir. 1996) ("The standard judicial formulation of the purpose of punitive damages is that it is to punish the defendant for reprehensible conduct and to deter him and others from engaging in similar conduct").  The Court finds that asking the jury to "send a message" to Defendants is relevant to the issue of punitive damages and is consistent with Pattern Instruction 7.28.  *See Smith v. Garcia*, 2018 WL 461230, at *6 (N.D. Ill. 2018) (denying motion in limine to preclude plaintiff, who was seeking punitive damages in false arrest case, from arguing that the jury should "send a message" to individual officer defendants); *Betts v. City of Chicago, Ill.*, 784 F.Supp.2d 1020, 1033 (N.D. Ill. 2011) (same principle).  The EPD Defendants' Motion in Limine No. 8 is **DENIED**.

### I.   Certain Expert Testimony

The EPD Defendants seek to exclude any expert opinion testimony regarding whether any Plaintiff is guilty or innocent; whether any Plaintiff or witness told the truth during his or her

interrogation, provided a false confession, or has testified truthfully; any statistical analysis of false confessions; and any legal conclusion. [Filing No. 397 at 3.] Because the Court has already ruled on these issues in connection with the parties' *Daubert* motions, [*see* Filing No. 444], Motion in Limine No. 9 is **DENIED AS MOOT**.

### J. Statements After William's Criminal Trial

Finally, the EPD Defendants seek to exclude any statements by any member of the Evansville Police Department, including Detectives Vantlin, Spencer, Arbaugh, and Pagett, after William's underlying criminal trial. [Filing No. 397 at 3.]

Plaintiffs argue that statements Defendants made to each other about the Golike investigation, no matter when they occurred, are relevant and admissible. [Filing No. 426 at 48.] They also contend that statements Defendants made in their depositions are relevant, and that Detective Vantlin's statements made after William's criminal trial and as part of Detective Vantlin's ongoing investigation are relevant to show motive, bias, and intent. [Filing No. 426 at 48.]

The EPD Defendants' motion is vague, and does not identify any specific statements for which they seek exclusion. The Court finds that statements Defendants made after William's criminal trial may be relevant to Defendants' state of mind and malice, and **DENIES** the EPD Defendants' Motion in Limine No. 10. Should the EPD Defendants wish to object to specific statements, they may do so at trial.

The Court has ruled as follows on the EPD Defendants' Motions in Limine:

- Motions in Limine No. 1 is **GRANTED**;

- Motions in Limine Nos. 3, 5, and 7 are **GRANTED IN PART** and **DENIED IN PART**;

- Motions in Limine Nos. 2, 4, 6, 8, 9, and 10 are **DENIED**.

**V.**

**THE EPD DEFENDANTS' SUPPLEMENTAL MOTIONS IN LIMINE [FILING NO. 420]**

The EPD Defendants filed a Supplemental Motion in Limine, in which they seek to exclude two additional categories of evidence. The Court discusses each below.

### A. Evidence Unrelated to the Remaining Claims

The EPD Defendants argue that "[a]ny evidence relating to any fact arising and/or occurring prior to Plaintiffs' arrests but not known by Defendants prior to the arrests of Plaintiffs" and "[a]ny evidence relating to any fact arising and/or occurring after Plaintiffs' arrests that (a) was not known by Defendants and (b) did not relate to the allegedly falsified reports: Jack Spencer Report, Jeff Vantlin Report, and Arbaugh/Pagett Report" should be excluded. [Filing No. 420 at 2.] They assert that this evidence would be irrelevant and unduly prejudicial because it does not relate to an element of any remaining claims. [Filing No. 420 at 2.]

Plaintiffs did not respond to this motion in limine.

The EPD Defendants' motion is vague, and the Court cannot discern exactly what evidence the EPD Defendants are referring to. Accordingly, the Court **DENIES** the EPD Defendants' Supplemental Motion in Limine No. 1, and will consider at trial any specific objections to evidence that may fall within the categories the EPD Defendants have described, when the context of that evidence is apparent.

### B. Evidence of Any Intent of Defendants

The EPD Defendants seek to exclude evidence of the intent of Defendants, including any possible malice, arguing that such evidence is not relevant to a § 1983 claim based on the Fourth Amendment or the Fifth Amendment. [Filing No. 420 at 3.] They argue that intent is not an element of any remaining claim. [Filing No. 420 at 3.]

Plaintiffs did not respond to this motion in limine.

Plaintiffs seek punitive damages in this case, and the Court finds that evidence of Defendants' intent is relevant to whether punitive damages are appropriate. The EPD Defendants' Supplemental Motion in Limine No. 2 is **DENIED**.

In sum, the Court **DENIES** the EPD Defendants' Supplemental Motions in Limine Nos. 1 and 2.

## VI.
### DEFENDANTS' CONSOLIDATED MOTION TO TAKE JUDICIAL NOTICE AND MOTION FOR DETERMINATION ON COLLATERAL ESTOPPEL [FILING NO. 398]

Defendants request that the Court take judicial notice of certain documents from the underlying criminal proceeding, and also determine the collateral estoppel effect of certain rulings by the criminal court. The Court discusses each issue in turn.

### A. Judicial Notice

In their Motion to Take Judicial Notice and Motion for Determination on Collateral Estoppel, Defendants request that the Court take judicial notice of three documents from William's underlying criminal case: (1) the Chronological Case Summary ("CCS"); (2) William's Motion in Limine to Exclude Unreliable Statements; and (3) transcripts of the hearing on William's Motion in Limine to Exclude Unreliable Statements. [Filing No. 398 at 1-2.]

Plaintiffs argue in response that Defendants have not set forth the facts from those documents for which Defendants seek judicial notice, and that the Court cannot take judicial notice of rulings which are not entitled to preclusive effect, disputed facts, or assertions by lawyers or the state court judge. [Filing No. 426 at 49-50.]

Federal Rule of Evidence 201 allows the Court to take judicial notice of a fact that is "not subject to reasonable dispute because it…can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendants ask the Court to take judicial notice of documents, but Rule 201 permits the Court to take judicial notice of facts, not documents. *Cf. In re Lisse*, 905 F.3d 495, 497 (7th Cir. 2018) (Easterbrook, J., in chambers) ("That document it not subject to judicial notice because it is not evidence of an adjudicative fact… If the document were being offered just to show that it had been filed, that fact might be subject to judicial notice, but the 'Request' does not suggest that appellant wants this court to take notice that a particular document was filed on a specific date in some other tribunal").

What Defendants are requesting is that the Court take judicial notice of the fact that William moved to suppress his confession, and that the state court judge denied his motion. But, as the Court has discussed above, evidence regarding William's motion to suppress in his criminal trial will not be admissible in the trial of this case. The Court **DENIES** Defendants' Motion to the extent that the Court declines to take judicial notice of the CCS from William's criminal case, William's motion in limine filed in the underlying criminal trial, and transcripts of the hearing on the motion in limine.

### B. Collateral Estoppel

Defendants also request that the Court find that the state court's ruling that William's confession was voluntary and was not coerced is entitled to preclusive effect, and that Plaintiffs should be "collaterally estopped from relitigating the voluntariness of William's confession at trial…." [Filing No. 398 at 3.]

Plaintiffs argue that the state court judge's ruling on William's motion to suppress does not have preclusive effect because William was acquitted and there was no final judgment on the merits, so William never had an opportunity to appeal the ruling on the motion to suppress. [Filing No. 426 at 29-30.]

As discussed above, the Court has found that the state court judge's ruling on William's motion to suppress in the underlying criminal proceeding does not have preclusive effect in this case. Accordingly, the Court **DENIES** Defendants' Motion to the extent that it seeks a finding otherwise.

## VII.
## PLAINTIFFS' MOTIONS IN LIMINE [FILING NO. 408]

Plaintiffs seek to exclude ten categories of evidence, many of which have been discussed above in connection with Defendants' various motions. The Court rules on each category as follows.

### A. Undisclosed Expert Opinions

Plaintiffs argue that the KSP Defendants identified the following people as expert witnesses in their Rule 26 disclosures: all law enforcement officers or personnel in this case, including but not limited to Detectives Wise and Jones; prosecutors Mike Perry and Malcolm Gwinn; Dr. Amy Burrows-Beckham; and any expert identified by any other party. [Filing No. 408-1.] Plaintiffs assert that the KSP Defendants do not identify "the universe of people" that "all law enforcement officers or personnel in this case" might encompass. [Filing No. 408 at 2.] They also argue that their disclosures for Detectives Wise and Jones, Dr. Burrows-Beckham, and prosecutors Perry and Gwinn are insufficient under Fed. R. Civ. P. 26(a)(2)(C)(ii) because they do not provide a summary of the underlying facts and opinions the witnesses will rely upon in their testimony. [Filing No. 408 at 3.] Plaintiffs argue that they have been prejudiced by the KSP Defendants' failure to properly disclose these witnesses as experts because the disclosures "leave Plaintiffs guessing about what the offered testimony might be and the bases for it." [Filing No. 408 at 5.]

The KSP Defendants respond that the five witnesses they specifically disclosed are hybrid fact/expert witnesses, and that they need only provide summary disclosures.[3] [Filing No. 410 at 3.] They note that the five witnesses they identified "possess some degree of personal and specialized knowledge," and that they will testify about their impressions that are from their own personal observations and perceptions. [Filing No. 410 at 3-4.] The EPD Defendants respond with similar arguments. [Filing No. 415 at 1-2.]

The Court agrees with Defendants that Detectives Wise and Jones, prosecutors Perry and Gwinn, and Dr. Amy Burrows-Beckham all possess personal knowledge regarding some of the issues at play in this litigation, and so would be considered hybrid witnesses at the most. Consequently, Defendants were not required to provide the type of expert reports addressed in Fed. R. Civ. P. 26(a)(2)(B). *See Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355, 370 (7th Cir. 2017) ("Travelers chides the Airport Authority for failing to produce full-fledged expert reports under Rule 26(a)(2)(B). The Airport Authority was not required to produce such reports for its hybrid witnesses"); Fed. R. Civ. P. 26 Advisory Committee Note (1993) ("The requirement of a written report in paragraph (2)(B)…applies only to those experts who are retained or specially employed to provide [expert] testimony…or whose duties as an employee of a party regularly involve the giving of such testimony"). That said, those five individuals may only testify from the personal knowledge that they have based on their involvement in the events relevant to this lawsuit. *See Indianapolis Airport Auth.*, 849 F.3d at 371 (Individuals identified as hybrid witnesses "do not have carte blanche to testify at will…. As

---

[3] The KSP Defendants do not address Plaintiffs' arguments regarding the disclosure of "all law enforcement officers or personnel in this case." [*See* Filing No. 410 at 1-4.] Accordingly, the Court assumes that the only hybrid witnesses the KSP Defendants intended to disclose are Detectives Wise and Jones, prosecutors Perry and Gwinn, and Dr. Burrows-Beckham.

hybrid fact/expert witnesses, they must testify from the personal knowledge they gained on the job. That personal knowledge requirement may limit their testimony").

Plaintiffs' Motion in Limine No. 1 is **DENIED** to the extent that Detectives Wise and Jones, prosecutors Perry and Gwinn, and Dr. Burrows-Beckham may testify at trial regarding their personal knowledge of the events underlying this matter.

### B. State Court Judge's Ruling on William's Motion to Suppress

Plaintiffs seek to exclude evidence that the state court judge denied William's motion to suppress his confession in the underlying criminal case. [Filing No. 408 at 5-11.] As discussed above, this evidence will not be admissible at trial and the Court **GRANTS** Plaintiffs' Motion in Limine No. 2.

### C. Evidence That the Jury in the Criminal Case Was Unable to Reach a Verdict on William's Obstruction Charge

Plaintiffs ask the Court to exclude evidence that the jury in William's criminal case was not able to reach a verdict on the obstruction of justice charge. [Filing No. 408 at 11-12.] The Court has already found that this evidence is admissible at trial, and **DENIES** Plaintiffs' Motion in Limine No. 3.

### D. Testimony of Prosecutor Witnesses

Plaintiffs argue that the testimony of prosecutors Perry and Gwinn should be excluded because it is irrelevant since "every 'fact' that they know comes from the police investigation, via police reports and discussions with police officers." [Filing No. 408 at 13.] Plaintiffs assert that prosecutors Perry and Gwinn are not proper expert witness, should not be able to offer opinion testimony regarding any witness's credibility, do not have "anything to add to the causation analysis," and their testimony would be unfairly prejudicial. [Filing No. 408 at 13-14.]

The KSP Defendants respond that prosecutor Perry "arrived at his own independent conclusion that probable cause existed for [Plaintiffs'] arrests," and argue that he should be allowed to testify regarding his conclusion that probable cause existed. [Filing No. 410 at 6-7.] The KSP Defendants argue that prosecutor Perry will not offer legal conclusions and his testimony would not be unfairly prejudicial. [Filing No. 410 at 8-9.] The EPD Defendants argue that the prosecutor witnesses will testify as to the "causation" element of Plaintiff's unlawful pretrial detention claims, including "what evidence was presented at the probable cause hearing, when probable cause was initially determined by the criminal trial judge, if 'probable cause' for William and Deadra's pretrial detainment was ever re-evaluated by any judge, whether the allegedly false reports were ever presented to any judge for such re-evaluation, and whether the allegedly false reports, specifically, were ever used to detain William or Deadra." [Filing No. 415 at 3.]

It is apparent from Defendants' arguments that they intend to present evidence of the probable cause finding in the underlying criminal proceeding through prosecutors Perry and Gwinn. Defendants do not set forth any other issues of which the prosecutor witnesses would have knowledge. The Court has already found that the state court judge's determination that probable cause existed for Plaintiffs' arrests is inadmissible at trial. Additionally, the Court found in its earlier ruling on the parties' *Daubert* motions that no expert witness will be permitted to testify regarding the existence or non-existence of probable cause. [*See* Filing No. 444.] Consistently, the Court **GRANTS** Plaintiffs' Motion in Limine No. 4 and finds that testimony from prosecutors Perry and Gwinn will be excluded.

### E. Police Reports

Plaintiffs argue that police reports and other police documents are not admissible as substantive evidence because they constitute impermissible hearsay. [Filing No. 408 at 20.]

Plaintiffs concede that some portions of these documents may be admissible under hearsay exceptions, such as to show that a police officer documented a fact or as a party admission. [Filing No. 408 at 21.]

The KSP Defendants respond that police reports are presumed admissible in a civil case, and that those reports and related documents reflect "important dates, facts, and aspects of this case." [Filing No. 410 at 10.] The EPD Defendants argue that the police reports are relevant as "direct evidence of what Defendants knew and when." [Filing No. 415 at 4.]

Police reports are admissible as public records to the extent that they "describe a matter that a police officer observed while under a duty to report…." *Cairel v. Alderden*, 2014 WL 916364, at *1 (N.D. Ill. 2014) (citing Fed. R. Evid. 803(8) ("A record or statement of a public office if…it sets out…in a civil case…factual findings from a legally authorized investigation" is admissible)); *see also Jordan v. Binns*, 712 F.3d 1123, 1133 (7th Cir. 2013) (noting that "police reports have generally been excluded except to the extent to which they incorporate firsthand observations of the officer") (citations and quotations omitted). Statements in police reports that do not reflect firsthand observations of the officers – for example, a statement by a third person – are not admissible unless they fall within another exception to the hearsay rule. *Id.* ("third-party statements contained in a police report do not become admissible for their truth by virtue of their presence in a public record and instead must have an independent basis for admissibility").

It is difficult for the Court to determine the admissibility of the various police reports and documents in a vacuum, without knowing which portions of those reports or documents will be relied upon and how Defendants plan to use them. Because police reports are admissible in many circumstances, the Court **DENIES** Plaintiffs' Motion in Limine No. 5 at this juncture, without prejudice to Plaintiffs to raise their objection to specific police reports and documents at trial.

### F.  Plaintiffs' Prior Bad Acts

Plaintiffs argue that evidence of their prior bad acts, including insinuations that Deadra has used drugs, "seek[ing] to smear Plaintiffs by asking questions about Plaintiffs' purported sexual activity," and seeking to introduce the juvenile arrest of Andrea for running away from home and arrests or convictions of Harley Wade (a foster child in the Hurt home at the time of the Golike investigation), are irrelevant and prejudicial.  [Filing No. 408 at 22-26.]

The KSP Defendants concede that information about Deadra's drug use, Andrea's sexual activity, or Andrea's arrest record is not admissible "to simply show they are bad people," but may be admissible for another purpose such as impeachment or witness credibility.  [Filing No. 410 at 11.]  They also assert that evidence of "Harley Wade's rage problem" is relevant because Defendants considered it in formulating probable cause.  [Filing No. 410 at 10.]  The EPD Defendants argue that they "may use what knowledge they had of Plaintiffs['] and Harley Wade's criminal history and other bad [acts], if they or other officers investigating the underlying crimes had such knowledge at the time of Plaintiffs' arrests, as it [is] relevant to their criminal investigation."  [Filing No. 415 at 5.]

While evidence of Plaintiffs' prior bad acts is not admissible to show that Plaintiffs acted in a certain way in accordance with those bad acts, Fed. R. Evid. 404, it may be relevant to Defendants' state of mind.  For example, evidence that Defendants knew that Harley Wade had previously been arrested may be relevant to whether they believed they had probable cause to arrest him.  The Court **DENIES** Plaintiffs' Motion in Limine No. 6 at this time, but Plaintiffs may object to specific evidence at trial and the Court will rule on each objection within the context of the evidence presented.

### G. Defendants' Commendations, Awards, Job Evaluations, or Projects

Plaintiffs seek to exclude evidence of Defendants' good character, including their prior work-related commendations, awards, or performance reviews, or projects they are engaged in outside of work such as volunteering. [Filing No. 408 at 28.]

The KSP Defendants argue that this type of evidence is relevant to their credibility, experience, and competence. [Filing No. 410 at 11.] The EPD Defendants also note that if Plaintiffs attack their credibility, they should be able to offer this evidence under Fed. R. Evid. 608. [Filing No. 415 at 5.]

The Court has already ruled that evidence regarding Defendants' prior "bad acts" – such as internal disciplinary action taken against them – is inadmissible under Fed. R. Evid. 404. It cautioned, however, that "bad acts" evidence may become relevant to the extent Defendants present evidence aimed at bolstering their character. Similarly, the Court finds that evidence of Defendants' good character is inadmissible at trial, but will be admissible if evidence of their prior bad acts is presented. Plaintiffs' Motion in Limine No. 7 is **GRANTED**, with that caveat.

### H. Reference to Pleadings, Dismissed Parties, or Dismissed Claims

Plaintiffs seek to exclude evidence regarding claims and parties that have been dismissed, arguing that this evidence "could seriously confuse jurors as they try to parse the meaning of the procedural history of the case." [Filing No. 408 at 29.]

The KSP Defendants and the EPD Defendants argue that pleadings may contain admissions of parties, and that dismissal of parties and claims may be relevant to certain issues. [Filing No. 410 at 12; Filing No. 415 at 6.]

The Court **GRANTS** Plaintiffs' Motion in Limine No. 8 to the extent that evidence regarding dismissed parties or claims is inadmissible at trial. This evidence is simply not relevant

to the issues that the jury will be charged with deciding in this case. The Court **DENIES** Plaintiffs' Motion in Limine No. 8, however, to the extent that pleadings which contain admissions are admissible.

## I.   Defendants' Financial Inability to Pay Damages

Plaintiffs argue that Defendants should not be permitted to present evidence that they are unable to pay a damages award in this case. [Filing No. 408 at 31-32.]

The KSP Defendants argue that their financial condition may be relevant because they have been sued individually and their ability to pay relates to the amount of punitive damages assessed. [Filing No. 410 at 12.] The EPD Defendants simply argue that this information is relevant. [Filing No. 415 at 6.]

"A defendant's financial condition is relevant to a jury's determination of whether to award a plaintiff punitive damages and how much to award." *Gonzalez v. Olson*, 2015 WL 3671641, at *7 (N.D. Ill. 2015) (citing *Kemezy*, 79 F.3d at 35-37); *see also* Federal Civil Jury Instructions of the Seventh Circuit 7.28 (including "Defendant's financial condition" as a factor to be considered in determining the amount of punitive damages, if evidence was admitted on that topic). The Court **DENIES** Plaintiffs' Motion in Limine No. 9, but finds that if Defendants present evidence of their financial condition, then evidence regarding insurance or indemnification available to them will become admissible. *See Jones v. City of Chicago*, 2017 WL 413613, at *4 (N.D. Ill. 2017) ("[Plaintiff] may, however, introduce evidence of the City's indemnification if Defendants open the door by presenting evidence of their financial condition") (citation and quotation omitted); *Gonzalez*, 2015 WL 3671641, at *7 ("[I]f Defendants plead poverty as to punitive damages, they open the door for Plaintiff to offer evidence of indemnification as to compensatory damages").

To re-cap, the Court:

- **GRANTS** Plaintiffs' Motions in Limine Nos. 2, 4, and 7;

- **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion in Limine No. 8; and

- **DENIES** Plaintiffs' Motions in Limine Nos. 1, 3, 5, 6, and 9.

## VIII.
### THE PARTIES' AGREED MOTIONS IN LIMINE [FILING NO. 401]

The parties jointly seek to exclude: (1) reference to settlement demand, offers, discussions, or negotiations in this case; and (2) "argument appealing to the pecuniary interests as taxpayers." [Filing No. 401.] The Court **GRANTS** the parties' agreed Motions in Limine Nos. 1 and 2.

## IX.
### CONCLUSION

As set forth above, and for the foregoing reasons, the Court:

- **GRANTS IN PART** and **DENIES IN PART** the KSP Defendants' Motions in Limine, [391], the EPD Defendants' Motions in Limine, [397], and Plaintiffs' Motions in Limine, [407];

- **DENIES** Defendants' Consolidated Motion to Take Judicial Notice and Motion for Determination on Collateral Estoppel, [398], and the EPD Defendants' Supplemental Motions in Limine, [420]; and

- **GRANTS** the parties' Agreed Motions in Limine, [401].

To the extent the Court has found that any evidence was admissible for a limited purpose, the party seeking limitations on admissibility must submit a proposed limiting jury instruction for the Court's consideration by **February 6, 2020**.

Date: 12/13/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**