UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM HURT, DEADRA HURT, and ANDREA HURT, <br>   *Plaintiffs*, <br><br>   *vs.* <br><br> JEFF VANTLIN, JACK SPENCER, WILLIAM ARBAUGH, JASON PAGETT, MATTHEW WISE, and ZACHARY JONES, <br>   *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) | 3:14-cv-00092-JMS-MPB |

## **ORDER**

Plaintiffs William Hurt, Deadra Hurt, and Andrea Hurt[1] initiated this action in June 2014, and allege that they were wrongfully targeted, arrested, and prosecuted for the death of their uncle, Marcus Golike, whose body was found in the Ohio River in June 2012. On December 13, 2019, in advance of the April 20, 2020 trial scheduled in this matter, the Court issued an Order on the parties' various Motions in Limine. [Filing No. 448.] In the Order, the Court – among other things – found that evidence regarding the state court judge's finding that probable cause existed for Plaintiffs' arrests is inadmissible at the trial. [Filing No. 448 at 4-5.] Taking issue with that finding, Defendants Matthew Wise and Zachary Jones (the "KSP Defendants") have filed a Motion to Reconsider and in the Alternative, Motion to Certify Order for Interlocutory Appeal and to Stay Pending Resolution of Proceedings, [Filing No. 450], and, similarly, Defendants Jeff Vantlin, Jack Spencer, and William Arbaugh (the "EPD Defendants") have filed a Motion to Reconsider the Court's Order on Motions in Limine, Dated December 13, 2019 or, Alternatively, to Certify for Interlocutory Appeal, [Filing No. 451]. Those motions are now ripe for the Court's decision.

---

[1] The Court will refer individually to Plaintiffs by their first names only throughout this Order.

1

Both motions ask for alternative relief – either reconsideration or certification for interlocutory appeal. The Court will address the request for certification for interlocutory appeal first. Additionally, since both the KSP Defendants and the EPD Defendants advance essentially the same arguments, the Court will address the two motions together.

# I.
## REQUEST FOR INTERLOCUTORY APPEAL

### A. Standard of Review

28 U.S.C. § 1292(b) "permits a court of appeals to review an interlocutory order if the district court certifies that particular issues meet the statutory requirements." *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 811 (7th Cir. 2015) (citing *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996)). The four statutory requirements under § 1292(b) are as follows: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). There is also a nonstatutory requirement: "the petition must be filed in the district court within a reasonable time after the order sought to be appealed." *Id.* at 675-76 (citing *Richardson Elecs., Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)). Recognizing that proceedings in the district court generally "grind[] to a halt" as soon as an order is certified for immediate appeal, the Seventh Circuit has held that, unless all criteria under § 1292(b) are satisfied, a district court "may not and should not" certify an order for an immediate appeal. *Id.* at 676.

### B. Discussion

In support of their request for interlocutory appeal, the KSP Defendants argue that the issue of whether the state court judge's probable cause determination is admissible is a "pure issue[] of law regarding this Court's pretrial evidentiary rulings." [Filing No. 450 at 4.] They contend that

the issue is controlling because the probable cause findings are "highly relevant," "go to the core of this civil case," and "are issues of monumental importance at trial," and "it would be difficult to find an issue more critical to the outcome of this civil case than probable cause." [Filing No. 450 at 4.] The KSP Defendants argue that there is a substantial ground for difference of opinion, outline Plaintiffs' position and their position, and accuse the Court of "jettison[ing] this critically-important evidence with its pretrial pen, without having heard any evidence." [Filing No. 450 at 9.] The KSP Defendants argue that an immediate appeal of this issue would materially advance the ultimate termination of the litigation because it would simplify and narrow the issues for trial and "avoid needless delays and anticipated lengthy side-bar arguments at trial." [Filing No. 450 at 9-10.] Finally, the KSP Defendants request a stay of the litigation until an interlocutory appeal is resolved.

For their part, the EPD Defendants seek certification of the following issues for interlocutory appeal:

1. For a § 1983 false arrest claim, is evidence of the determinations by the state court judges and prosecutors that probable cause existed admissible at trial to show a rebuttable presumption that probable cause existed for a plaintiff's arrest?

2. For a § 1983 claim for a failure to intervene in the unlawful detention, post-arrest, is evidence of the determinations by the state court judges and prosecutors that probable cause existed admissible at trial to show whether an officer knew that a constitutional violation was committed and had a realistic opportunity to prevent it?

3. When a § 1983 plaintiff seeks punitive damages, is evidence of the determinations by the state court judges and prosecutors that probable cause existed admissible at trial to show an officer's state[] of mind, including knowledge, intent, malice, and state of mind?

[Filing No. 451 at 11.] They argue that the issues to be presented on interlocutory appeal are pure questions of law, and that substantial ground for a difference of opinion on the issue exists because

"the elements of William and Deadra's Fourth Amendment Unlawful Pretrial Detention claim have not yet been established by the Court, including whether 'malice' remains an element and how the jury will be instructed that probable cause at the time of arrest bars any 'Fourth Amendment Unlawful Pretrial Detention claim.'" [Filing No. 451 at 12.] They also assert that certification of the issue for interlocutory appeal will "provide guidance for the parties and Court at trial as to the probative value of the probable cause determinations and as to whether the same constitutes direct evidence and presumption that probable cause exists." [Filing No. 451 at 12-13.]

In response to both the KSP Defendants and the EPD Defendants, Plaintiffs argue that Defendants have not identified a pure question of law, and that "for the Seventh Circuit to review the Court's rulings on motions *in limine*, it would have to delve into the record and grasp how the state criminal proceedings are intertwined with the federal legal claims in this case, and how Defendants now claim to have relied on those proceedings." [Filing No. 453 at 14.] Plaintiffs also claim that issue is a narrow, legal one, and will not change the course of the litigation. [Filing No. 453 at 14.] Plaintiffs contend that "[b]ecause whether to admit a particular piece of evidence is so fact-specific, and not an issue of pure law, the concept of whether the law is 'settled' on this issue is nonsensical. It could never be 'settled' because it is case-specific." [Filing No. 453 at 15.] Finally, Plaintiffs assert that an interlocutory appeal would not speed up the litigation, but would cause delay. [Filing No. 453 at 15.]

The KSP Defendants did not file a reply, but the EPD Defendants argue in their reply that the issues for which they have requested certification are legal questions that the Seventh Circuit can determine as a matter of law. [Filing No. 454 at 8.]

4

*1. Whether the Issues Are Questions of Law*

A question of law involves "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine," and the question must be "a 'pure' question of law rather than merely…an issue that might be free from a factual contest." *Ahrenholz,* 219 F.3d at 676-77. A pure question of law involves one that "the court of appeals could decide quickly and cleanly without having to study the record…." *Id.* at 677.

The questions that the EPD Defendants have proposed for certification are not pure questions of law. Decisions on motions in limine take the factual context of a particular case into consideration. The Seventh Circuit would need to "hunt[] through the record" to determine the issues presented on appeal, making them inappropriate for certification. *Id.*; *see also United States v. Evans*, 113 F.3d 1457, 1458 (7th Cir. 1997) ("evidentiary rulings are generally not immediately appealable"); *Wine & Canvas Dev. LLC v. Weisser*, 2014 WL 5335831, at *2 (S.D. Ind. 2014) (denying motion for certificate of appealability as to district court's decision on motion in limine because the issue for appeal was not a pure question of law). Because the questions proposed by the EPD Defendants are not pure questions of law, certification for interlocutory appeal is inappropriate.

*2. Whether the Issues Are Controlling*

A question of law is "controlling" if "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). While the issues proposed by the EPD Defendants will affect the evidence that the jury hears, which could affect the outcome of the litigation, the same could be said of any evidentiary issue that is the subject of a motion in limine, and all of the evidentiary rulings that the Court makes during the trial. The issues are not

controlling in the sense that they will not eliminate claims from the case or otherwise control the course of the litigation. *Cf. Id.* (noting that interlocutory appeal was appropriate because if defendant were to succeed on interlocutory appeal, "the issue of sovereign immunity will be removed from the case"). The second requirement for an interlocutory appeal is not met.

### 3. Whether the Issues Are Contestable

An issue is contestable when "there is a 'substantial likelihood' that the district court's order would be reversed on appeal." *Emley v. Wal-Mart Stores, Inc.*, 2020 WL 108374, at *5 (S.D. Ind. 2020) (citing *Van Straaten v. Shell Oil Prod. Co., LLC*, 813 F. Supp. 2d 1005, 1020 (N.D. Ill. 2011); *Novelty, Inc. v. Mountain View Mktg., Inc.*, 2010 WL 11561280, at *7 (S.D. Ind. 2010); *City of Joliet v. Mid-City Nat. Bank*, 2008 WL 4889038, at *2 (N.D. Ill. 2008)). An issue is not contestable merely because "reasonable judicial minds could differ" or "when the court is unguided by binding precedent." *Emley*, 2020 WL 108374, at *5.

In determining whether the issues here are contestable, the Court finds it significant that Defendants have not identified any binding cases where a court allowed evidence of a state court judge's probable cause determination in a civil case premised on plaintiffs' allegations that that very probable cause finding was obtained by using coerced confessions. In short, while the parties clearly have a difference of opinion on these issues, and while it does not appear that the Seventh Circuit has opined on the issues, there also does not appear to be a "substantial likelihood" that the Court's ruling will be reversed on appeal. *Emley*, 2020 WL 108374, at *5. Accordingly, the issues are not contestable ones, as required for certification for interlocutory appeal.

### 4. Whether Resolution Would Speed Up the Litigation

Defendants argue that an interlocutory appeal will streamline the trial in this matter because it would narrow the issues, prevent needless delays and side-bar arguments at trial, and avoid

6

further litigation of the issue when discussing jury instructions. But they ignore the fact that an interlocutory appeal would itself cause a significant delay in the trial of this matter, which has already been pending for over four and one half years. As for delays during trial if the issues are not certified for appeal, the Court does not intend to hear argument on evidentiary issues during sidebars or when crafting final jury instructions. The Court expects the parties to object in open court. Given the proliferation of objections contained in pre-trial filings, [*see, e.g.*, Filing No. 412 and Filing No. 413 (Defendants' objections to Plaintiffs' exhibit and witness lists, containing over 150 objections)], the time taken to approach would consume the trial. Once the issue of the admissibility of the state court judge's probable cause determination has been decided, it will not be re-visited over and over before or during trial. The Court finds that resolution of the issues proposed by the EPD Defendants through an interlocutory appeal would not speed up the litigation.

In sum, certification of the issue of whether a state court judge's probable cause finding is admissible at the trial in this case – or of the questions proposed by the EPD Defendants – does not involve a pure question of law, nor one that is controlling or contestable, and would not speed up this litigation. Accordingly, the Court **DENIES** the KSP Defendants' Motion to Reconsider and in the Alternative, Motion to Certify Order for Interlocutory Appeal and to Stay Pending Resolution of Proceedings, [Filing No. 450], and the EPD Defendants' Motion to Reconsider the Court's Order on Motions in Limine Dated December 13, 2019 or, Alternatively, to Certify for Interlocutory Appeal, [Filing No. 451], to the extent that the motions request certification for interlocutory appeal of the Court's decision on the admissibility of the state court judge's probable cause determination. Consequently, because the request for interlocutory appeal is denied, the Court also **DENIES AS MOOT** those motions to the extent that they request that this case be stayed pending resolution of an interlocutory appeal.

7

## II.
### REQUEST FOR RECONSIDERATION

In their motions, the KSP Defendants and the EPD Defendants also request as an alternative to interlocutory appeal that the Court reconsider its decision to exclude at trial any evidence of the state court judge's probable cause finding. [Filing No. 450 at 1-2; Filing No. 451 at 3-11.] After reviewing the parties' briefs, the Court has determined that it would be beneficial to hear oral argument on the Defendants' requests for reconsideration. Accordingly, the Court **ORDERS** the parties to be prepared to present oral argument on the Defendants' reconsideration requests at the **February 20, 2020** final pretrial conference scheduled in this matter. [*See* Filing No. 442.] At the final pretrial conference, Plaintiffs must also be prepared to advise the Court whether they intend to pursue all of the claims set forth in the Court's August 23, 2019 Order, [Filing No. 435], at trial, as pursuit of certain claims will inform the Court's ruling on the motions to reconsider.

## III.
### CONCLUSION

For the foregoing reasons:

- The KSP Defendants' Motion to Reconsider and in the Alternative, Motion to Certify Order for Interlocutory Appeal and to Stay Pending Resolution of Proceedings, [Filing No. 450], and the EPD Defendants' Motion to Reconsider the Court's Order on Motions in Limine Dated December 13, 2019 or, Alternatively, to Certify for Interlocutory Appeal, [Filing No. 451], are **DENIED** to the extent that the motions request certification for interlocutory appeal of questions related to the Court's decision on the admissibility of the state court judge's probable cause determination;

- The motions are also **DENIED AS MOOT** to the extent that they request that this case be stayed pending resolution of an interlocutory appeal; and

- The motions **REMAIN UNDER ADVISEMENT** to the extent that they request that the Court reconsider its decision to exclude at trial any evidence of the state court judge's probable cause finding. The Court will hear oral argument on the requests for reconsideration at the **February 20, 2020** final pretrial conference in this matter.

Date: 2/6/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**