UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WILLIAM HURT, DEADRA HURT, and ANDREA HURT,<br>    *Plaintiffs*,<br><br>    vs.<br><br>JEFF VANTLIN, JACK SPENCER, WILLIAM ARBAUGH, JASON PAGETT, MATTHEW WISE, and ZACHARY JONES,<br>    *Defendants*. | 3:14-cv-00092-JMS-MPB |

**ENTRY**

A hearing on Defendants' pending Motions to Reconsider, [Filing No. 450; Filing No. 451], and a final pretrial conference in this action were held on February 20, 2020. Plaintiffs William Hurt, Deadra Hurt, and Andrea Hurt were present by counsel Theresa Kleinhaus, Tara Thompson, and Rachel Steinback. Defendants Jeff Vantlin, Jack Spencer, William Arbaugh, and Jason Pagett (the "EPD Defendants") were present by counsel Clifford Whitehead and Robert Burkart. Defendants Matthew Wise and Zachary Jones (the "KSP Defendants") were present by counsel Jason Bell. The Court Reporter was Jean Knepley.

**I.**
**MOTIONS TO RECONSIDER**

The Court first heard argument from counsel regarding Motions to Reconsider filed by the KSP Defendants, [Filing No. 450], and the EPD Defendants, [Filing No. 451]. The Court then **ORDERED** Plaintiffs to file a Report by **February 28, 2020** which sets forth: (1) for their wrongful pretrial detention claim, the specific unconstitutional acts that were committed and by which Defendants; (2) for their failure to intervene in constitutional violations claim, the specific unconstitutional acts for which each Defendant failed to intervene; and (3) for their conspiracy to

deprive constitutional rights claim, the specific unconstitutional acts each Defendant conspired to commit.

The Court also **ORDERED**: (1) Plaintiffs to file a Report by **February 28, 2020** listing cases that hold that evidence of the state court judge's probable cause finding is inadmissible at trial for the wrongful pretrial detention, failure to intervene in constitutional violations, and conspiracy to deprive constitutional rights claims; and (2) the EPD Defendants and the KSP Defendants to file a Report by **February 28, 2020** listing cases that hold that evidence of the state court judge's probable cause finding is admissible at trial for the wrongful pretrial detention, failure to intervene in constitutional violations, and conspiracy to deprive constitutional rights claims. The Report need only list the cases with citations, and should not include argument.

The Court took the Motions to Reconsider, [Filing No. 450; Filing No. 451], **UNDER ADVISEMENT**.

## II.
### FINAL PRETRIAL CONFERENCE

The Court then held a final pretrial conference in this matter. A jury trial in this matter is set to begin on **April 20, 2020.** The parties estimate that trial will take **10 days**.

**A. Jury Selection**

The Court reviewed the jury selection process. Juror questionnaires will be made available to the parties on **April 17, 2020 at noon**. The questionnaires may not be shared outside of counsel and the parties and, ultimately, must be returned to the Court. Forty jurors will be summoned for trial and the entire venire will be questioned at the same time. Juror summons will be mailed March 26, 2020. The Court ruled on some of the Plaintiffs' Proposed Additional Voir Dire questions, and took others under advisement. [Filing No. 402.] The Court will circulate a revised list of questions it will use during voir dire to the parties well in advance of trial.

The parties have submitted proposed Case Synopses.  The Case Synopsis will be read to the jury in voir dire and during preliminary instructions.  The Court **ORDERED** the parties to meet and confer and submit an agreed Case Synopsis after the Court has ruled on Defendants' Motions to Reconsider, but no later than **April 6, 2020**.

Following the Court's questioning of the venire, Plaintiffs will have **40 minutes** and the EPD Defendants and the KSP Defendants will each have **20 minutes**, for lawyer-conducted voir dire.  After voir dire, hardship, and for cause challenges, Plaintiffs may exercise up to **four peremptory strikes**, and the EPD Defendants and the KSP Defendants may exercise up to **three peremptory strikes each**.  The EPD Defendants and the KSP Defendants may not confer regarding their strikes.  Striking will be simultaneous and in writing and there will be no back strikes.  The Court will seat the first 10 jurors who were not excused and all will deliberate.

### B. Jury Instructions

The Court will review the parties' proposed modifications to the Court's Proposed Preliminary Jury Instructions, and will circulate a new draft of the Preliminary Jury Instructions in advance of trial for the parties' review.  The Court will continue preparation of Final Jury Instructions, will consider the parties' proposed additions and revisions to the Court's Proposed Generic Final Jury Instructions and their proposed case-specific final instructions as trial approaches, and will circulate a new draft of the Final Jury Instructions for the parties' review.  The Court advised the parties that the burden is on the party who requests that a limiting instruction be read to the jury concerning evidence admitted for a limited purpose to tender a draft instruction to the Court.  The Court also advised that if a limiting instruction is appropriate, it will be read at the time of the introduction of the evidence admitted for a limited purpose.  Limiting instructions should be submitted in advance of trial.  The Court also **ORDERED** the parties to confer on

sources for jury instructions beyond the Seventh Circuit Civil Pattern Jury Instructions, and to advise the Courtroom Deputy, Michelle Imel (michelle_imel@insd.uscourts.gov), if they are able to do so no later than **March 20, 2020**.

### C. Trial Logistics

The parties must be prepared to make their opening statements during the first day of trial. Plaintiffs will have **30 minutes** and the EPD Defendants and the KSP Defendants will have **20 minutes each** for opening statements. Plaintiffs will have **90 minutes** and the EPD Defendants and the KSP Defendants will have **60 minutes each** for closing statements. The parties advised that they will use the VEPS presentation system for presenting exhibits to the jury. They must bring **4 sets of exhibits to be used by the Court and/or witnesses**.

### D. Verdict Forms

The parties have submitted Proposed Verdict Forms. [Filing No. 418; Filing No. 422.] The parties are **ORDERED** to work together on agreed Verdict Forms, and to file agreed Verdict Forms after the Court has ruled on Defendants' Motions to Reconsider, but no later than **April 6, 2020**.

### E. Witnesses and Exhibits

The Court has already granted the EPD Defendants' Motion for Separation of Witnesses. [Filing No. 447.] The Court advised the parties that, other than a party, a witness will only testify once. It is the Court's practice to also have parties testify once, without prejudice to the cross-examining party re-calling the witness during their case-in-chief if something unexpected arises. The parties agreed to work together to number exhibits so that numbers are not repeated, and to number only numerically (*e.g.*, not 1A, 1B, etc.).

### F. Deposition Designations

The parties advised that they do not anticipate using deposition designations at trial. Should that change, and in order for the Court to effectively consider deposition designations that the parties plan to present at trial and any objections thereto, the Court **ORDERS** as follows:

- Plaintiffs shall **highlight in yellow** all designated portions of the transcripts it intends to use during trial and submit them to Defendants by **March 30, 2020**;

- Defendants shall **highlight in red** all objections to Plaintiffs' designations, note the objections in the margin, and submit them to Plaintiffs by **April 3, 2020**;

- Defendants shall also **highlight in light blue** all designated portions of the transcripts they intend to use during trial and submit them to Plaintiffs by **April 3, 2020**;

- Plaintiffs shall **highlight in pink** all objections to Defendants' designations, note the objections in the margin, and submit them to Defendants by **April 10, 2020**.

- The parties shall submit the highlighted designations and objections via email to the Courtroom Deputy at the end of this process, on **April 10, 2020**. The parties must also submit the three transcript pages prior to and following any designations.

### G. Requests for Real Time and Daily Copy

The Court advised that if any party would like to purchase real time and daily copy of the trial proceedings, they must make arrangements with the Court Reporter, Jean Knepley, **at least two weeks before trial**. Ms. Knepley's email address is Jean_Knepley@insd.uscourts.gov.

### H. Other Issues

Plaintiffs raised an issue regarding how counsel and witnesses may refer to the fact that the jury in William Hurt's criminal trial did not reach a verdict on the obstruction of justice charge, and objected to the use of the term "hung jury." The Court heard argument from the parties on the issue, and **ORDERED** that counsel and witnesses may only state that the jury "did not reach a

verdict" on the obstruction of justice charge. The Court also **ORDERED** that counsel and witnesses may only state that the jury found William Hurt "not guilty" on the remaining murder and robbery charges.

The Court inquired regarding whether Andrea Hurt would like to be referred to by her married name at trial, and Plaintiffs' counsel confirmed that she would. Accordingly, the Court **DIRECTS THE CLERK** to update the caption of the case by changing Andrea Hurt's name to "Andrea Heath."

The Court encouraged the parties to continue working toward a settlement of this matter. To that end, the Court **ORDERED** the parties to file a Report by **February 28, 2020** setting forth whether they are able to agree upon a private mediator to assist with those efforts.

Date: 2/21/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

6