UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

WILLIAM HURT, DEADRA HURT,    )
ANDREA HURT, and DEBBIE HURT,    )
    *Plaintiffs*    )
        )    Case No. 3:14-cv-00092-JMS-MPB
        )
    *v.*    )
        )
JEFF VANTLIN, JACK SPENCER,    )
WILLIAM ARBAUGH, JASON    )
PAGETT, MATTHEW WISE, and    )
ZACHARY JONES,    )
    *Defendants*    )

**DEFENDANTS JEFF VANTLIN, JACK SPENCER, WILLIAM ARBAUGH, AND
JASON PAGETT'S NOTICE OF SUBMISSION OF LEGAL AUTHORITY**

Come now Defendants, Jeff Vantlin, Jack Spencer, William Arbaugh, and Jason Pagett
(collectively, "EPD Defendants"), by counsel, and pursuant this Court's Order [Dkt. 460], the EPD
Defendants submit the following legal authority supporting the admissibility of the state court
judge's determination and prosecutor's opinion of probable cause.

- *Kijonka v. Seitzinger*, 363 F.3d 645, 648 (7th Cir. 2004) ("Consulting a prosecutor
  may not give an officer absolute immunity from being sued for false arrest, . . . but
  it goes far to establish qualified immunity").

- *E-Z Mart Stores, Inc. v. Kirksey*, 885 F.2d 476, 478 (8th Cir. 1989) ("While it may
  be true that the officers relied on the erroneous opinions of the City Attorney and a
  local judge, following such advice does not automatically cloak one with qualified
  immunity, but rather, is used to show the reasonableness of the action taken").

- *Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1019 (9th Cir. 2003) (though not conclusive
  in determining whether an officer is entitled to qualified immunity, "reliance on an
  attorney's advice is some evidence of good faith").

- *Wadkins v. Arnold*, 214 F.3d 535, 542 (4th Cir. 2000) (authorization of elected prosecutor to apply for a warrant was "compelling evidence and should appropriately be taken into account in assessing the reasonableness of [the officer's] actions").

- *Pritchett v. Alford*, 973 F.2d 307, 316 (4th Cir. 1992) (noting that "mistaken official advice by legal counsel" could be an "extraordinary circumstance" permitting an officer to claim qualified immunity even where a clearly established right has been violated).

- *Kelly v. Borough of Carlisle*, 622 F.3d 248, 255-56 (3d Cir. 2010) ("a police officer who relies in good faith on a prosecutor's legal opinion that the arrest is warranted under the law is presumptively entitled to qualified immunity from Fourth Amendment claims premised on a lack of probable cause").

- *Hoyland v. McMenomy*, 869 F.3d 644, 661 (8th Cir. 2017) (reasoning that the state-court litigation, including the prosecutor's presentation of evidence at a probable cause hearing, "len[t] credence to the position of the officers that there was *arguable* probable cause").

- *United States v. Savage*, 59 F. App'x 821, 825 (7th Cir. 2003) (reasoning that the determination by a number of judges that probable cause existed demonstrated that it was "objectively reasonable for a police officer to likewise believe that probable cause existed").

- *Cox v. Hainey*, 391 F.3d 25, 34 (1st Cir. 2004) (explaining that "the fact of the consultation [with a prosecutor] and the purport of the advice obtained should be

2

factored into the totality of the circumstances and considered in determining the

officer's entitlement to qualified immunity").

ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

By:     */s/ Clifford Whitehead*
Robert L. Burkart #16664-82
Clifford R. Whitehead #28836-49
20 N.W. First Street, 9th Floor
P.O. Box 916
Evansville, IN 47706
Tel. No. (812) 424-7575/Fax No. (812) 421-5089
rburkart@zsws.com
cwhitehead@zsws.com

Attorneys for EPD Defendants, Jeff Vantlin, Jack Spencer, William Arbaugh, Jason Pagett

## CERTIFICATE OF SERVICE

I certify that on the February 28, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Clifford Whitehead*
Clifford R. Whitehead